## MORRIS v. MONTGOMERY.

1. NEGLIGENCE—MOTOR VEHICLES—EVIDENCE—SUFFICIENCY.
   In an action for personal injuries caused to plaintiff when he was run over by defendant's automobile after having been thrown from his motorcycle, evidence, *held*, sufficient to take the issue of defendant's negligence to the jury.[1]

2. APPEAL AND ERROR—EVIDENCE—CURING ERROR.
   Where testimony by plaintiff, in an action for personal injuries caused by defendant's automobile, that when he had a conversation with defendant in the hospital an insurance adjuster was present was stricken out, error in its admission was cured.[2]

[1]Motor Vehicles, 28 Cyc. p. 49; [2]Appeal and Error, 4 C. J. § 2972.

3. SAME—REVERSAL SHOULD NOT BE HAD FOR ADMISSION OF TESTI-
MONY THAT DEFENDANT CARRIED INSURANCE UNLESS VIOLATION
OF RULE EXCLUDING IT FLAGRANT.

Although the rule excluding evidence that defendant in
automobile accident case carries insurance should be con-
tinued, judgments should not be set aside for its violation
except in flagrant cases, in view of the fact that carrying
insurance is now so common as to be sensed by the jury.[3]

4. EVIDENCE—OPINION—EXPERT WITNESSES.

A witness who was familiar with several makes of cars,
who drove defendant's car immediately after the accident
in which defendant ran over plaintiff, and who found
the brakes in order, *held*, qualified to express an opinion
within what distance, under road conditions there exist-
ing, that automobile, going 15 or 18 miles an hour, could
stop or turn to pass where plaintiff lay in the road, where
he arrived at the place of the accident while plaintiff and
his companion still lay in the road, gave their positions,
and testified there was room to pass on the proper side.[4]

5. NEGLIGENCE—MOTOR VEHICLES—QUESTION FOR JURY.

Within what distance defendant's car could have been
stopped or turned to pass plaintiff, *held*, a question for
the jury.[5]

6. SAME—DEFENDANT'S ABILITY TO HANDLE CAR NOT TO BE TESTED
BY ABILITY OF EXPERT.

Defendant's duty to stop or turn and avoid striking plain-
tiff was not put to the test of the ability of an expert
witness who testified thereon, but the test was whether
defendant exercised the care of an ordinarily prudent
driver under the circumstances.[6]

7. APPEAL AND ERROR—EVIDENCE—CURING ERROR.

The fact that a companion with plaintiff was injured at
the same time was admissible, but not the particulars of
her injuries or the period she was in the hospital and
prevented from working; but the error in the admission
of the objectionable part was cured by striking it out.[7]

8. TRIAL—INSTRUCTIONS—REFUSAL OF REQUESTED INSTRUCTION ON
LAST CHANCE DOCTRINE NOT ERROR WHERE NOT APPLICABLE.

Where the last clear chance theory was contrary to plain-
tiff's claim, and the giving of an instruction embodying

[3]Appeal and Error, 4 C. J. § 2952; [4]Evidence, 22 C. J. § 755;
[5]Motor Vehicles, 28 Cyc. p. 48; [6]Id., 28 Cyc. p. 28; [7]Appeal and
Error, 4 C. J. § 2972.

such doctrine, requested by defendant, would not have helped him but would have enlarged plaintiff's claim by permitting his recovery even if he were negligent, the trial judge was right in refusing to submit the case to the jury on said theory, even at defendant's request.[8]

Error to Kent; Perkins (Willis B.), J.    Submitted October 28, 1924.    (Docket No. 162.)    Decided December 31, 1924.

Case by Edward Morris against Edward L. Montgomery for personal injuries.    Judgment for plaintiff, defendant brings error.    Affirmed.

*John M. Dunham* and *Paul E. Cholette,* for appellant.

*Linsey, Shivel & Smedley,* for appellee.

WIEST, J.    This is a suit to recover damages for personal injuries.    The morning of August 7, 1921, plaintiff was driving his motorcycle along a gravel road in the country, with a young woman seated back of him, and, while turning slightly toward the center of the road to avoid some loose gravel the front wheel of the motorcycle took a rut and the rear wheel not tracking, he and his companion were thrown to the ground and run over by an automobile driven by defendant.    Plaintiff claims he was driving on the proper side of the road, was trying to avoid loose gravel ahead, when the motorcycle skidded, and defendant was following him at a sufficient distance away to have turned and passed him as he lay in the road or have stopped his automobile, but instead of doing so carelessly ran over him.    Defendant claims he was close behind plaintiff, had signaled his intention to pass and had turned slightly to go by, when plaintiff turned in the same direction and was thrown to the

---

[8]Trial, 38 Cyc. p. 1703 (1926 Anno).

ground right in front of his automobile, within six to ten feet, too close for him to stop or turn out, and to have applied the brakes would have caused the sliding wheels to drag plaintiff, so he accelerated his speed somewhat and unavoidably ran over him.

The issues were tried to a jury and plaintiff had verdict and judgment and defendant reviews by writ of error. At the close of the proofs defendant moved for a verdict in his favor, by motion for a new trial claimed the proofs failed to establish negligence, raised the point that the verdict was against the great weight of evidence and presents the same questions here. It is claimed there was no evidence from which the jury could find the defendant's automobile was a sufficient distance from plaintiff when he fell to the ground to afford an opportunity to avoid the accident.

The testimony of the young woman who was riding with plaintiff, as to the distance defendant was back of the motorcycle at the time of the spill, while not definite in rods or feet, was sufficiently descriptive of the distance to send the issue of defendant's negligence to the jury.

Plaintiff testified to a conversation with defendant at a hospital and stated an insurance adjuster was present. The testimony about an insurance adjuster was struck out. This cured the error. The time has come when probably a majority of persons on every jury own automobiles and the policy of carrying insurance is so common that it is not surprising if jurors sense the fact. The rule of exclusion, perhaps, ought to continue, even though every-day affairs have moved beyond its original reason, but it ought not to be employed to set aside judgments except in cases of flagrant violation.

A witness who had driven several makes of automobiles about 50,000 miles, had worked in garages, and who drove defendant's car immediately after the accident and found the brakes in order, was permitted

to testify within what distance, under road conditions there existing, with the automobile going at the rate of 15 to 18 miles per hour, it would be possible to stop or turn to pass where plaintiff lay in the road. This witness arrived at the place of the accident while plaintiff, the woman and motorcycle lay in the road, gave their positions and testified there was room to pass on the proper side. Counsel for defendant contend the witness was not qualified to give expert testimony, that what he said invaded the province of the jury, and that defendant is not to be held to what an expert driver could have done. The witness was qualified to express an opinion upon the subject and there was no error in giving the jury the benefit of his opinion. Within what distance defendant's car could have been stopped or turned to pass plaintiff, of course, was for the jury to say, but we apprehend that some jurors, without experience, would be enlightened by testimony on the subject. We do not think defendant's duty was put to the test of the ability of the witness, but only to the test of whether he exercised the care of an ordinary prudent driver under the particular circumstances.

Over objection the young woman who was riding with plaintiff was permitted to detail the nature and extent of the injuries she received. The fact she was injured was admissible but it was not permissible to go into the particulars of her injuries and the period she was in a hospital and prevented from working. Later the court struck out the objectionable portion of her testimony and we think this sufficiently cured the error.

The learned circuit judge very carefully laid the claims of the parties before the jury, and the issues involved.

Defendant requested the following instruction:

"I instruct you that this case comes within what
229—Mich.—33.

has been called the 'last clear chance doctrine,' *i. e.*, who had the last clear chance to avoid the accident. Did the defendant, Montgomery, have a clear chance after the skidding and the throwing of the parties into the road, to avoid hitting them? Unless you find by a preponderance of the evidence that he did have such last clear chance, your verdict must be for the defendant."

This was refused and the jury instructed that plaintiff could not recover if he was guilty of contributory negligence. Plaintiff claimed he was free from negligence. Suppose the instruction had been given and the jury had found plaintiff was negligent, but his negligence was discovered by defendant in time to have avoided the accident, it would only have expanded plaintiff's right to recover and not at all helped defendant. The last clear chance doctrine is sometimes a help to a plaintiff, but it is hard to conceive of its being of any advantage to a defendant. Plaintiff had to establish the fact that defendant had a reasonable time and a way open to avoid hitting him, and that his being in the road was not due to want of care. This is not the last clear chance doctrine at all, but the ordinary rule relative to negligence on the part of a defendant and due care on the part of a plaintiff. If we hold the request should have been given and send the case back for a new trial, we apprehend plaintiff could not ask that the request be given, because it would permit a recovery contrary to his claim, and we suspicion that defendant would not again ask it be given, because it would enlarge plaintiff's claim by permitting recovery if he was negligent and defendant discovered such negligence in time to have saved him from injury. The circuit judge was clearly right in refusing, even at defendant's request, to permit plaintiff to go to the jury under the last clear chance doctrine. We have examined the instructions given the jury and find no error of which

defendant can complain.    The instruction also sufficiently covered the points with merit in defendant's requests to charge.    An examination of the evidence leads to the opinion there was sufficent evidence to carry the case to the jury and we ought not to hold the verdict against the great weight of the evidence.

Points presented have been duly considered and no reversible error appearing the judgment is affirmed, with costs to plaintiff.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.