## SUTZER *v.* ALLEN.

**1. EVIDENCE—AUTOMOBILE INSURANCE.**

It has become common knowledge that people owning automobiles have them insured.[1]

**2. APPEAL AND ERROR.—TESTIMONY THAT DEFENDANT CARRIED AUTOMOBILE INSURANCE NOT REVERSIBLE ERROR.**

That the fact that defendant in personal injury case carried insurance on his automobile reaches the ears of the jury, is no longer reversible error, unless improper use is made of it by counsel.[2]

**3. SAME—INSTRUCTIONS.**

Where, in a personal injury case, there was testimony that defendant carried insurance on his automobile, reference to that fact by plaintiff's counsel, in his argument to the jury, was not reversible error in view of the instruction to the jury that whether or not defendant was insured had nothing to do with the verdict.[3]

**4. NEGLIGENCE—IDENTIFICATION—OWNERSHIP OF AUTOMOBILE.**

Evidence that the automobile in which defendants father and son were riding at the time the accident occurred was owned by the father and driven by the son sufficiently identified the parties and made proof of ownership of the car.[4]

**5. DAMAGES—EXCESSIVE VERDICT.**

A verdict for $1,500 for personal injuries causing much pain and suffering, incapacitating plaintiff for work for nearly eight weeks, and causing pecuniary loss in wages, doctor's bills, etc., of $554.76, cannot be said to be excessive.[5]

---

[1] Evidence, 23 C. J. § 1810; [2] Trial, 38 Cyc. p. 1479; [3] Id., 38 Cyc. p. 1498; [4] Motor Vehicles, 28 Cyc. p. 47; [5] Damages, 17 C. J. § 464; Motor Vehicles, 28 Cyc. p. 48; L. R. A. 1915F, 30.

*Continued from Vol. 235.

Error to Washtenaw; Sample (George W.), J.  Submitted June 30, 1926.     (Docket No. 142.)     Decided July 22, 1926.

Case by Cora Sutzer against Albert T. Allen and another for personal injuries.     Judgment for plaintiff. Defendants bring error.     Affirmed.

*Walter Schweikart,* for appellants.

*Frank B. DeVine,* for appellee.

BIRD, C. J.     Plaintiff sued defendants to recover her damages for personal injuries resulting from an automobile collision in the city of Ann Arbor.     Plaintiff was riding in a taxicab.     Defendants were riding in their automobile.     They collided with the taxicab by reason of getting on the wrong side of the street. Plaintiff received at the hands of the jury $2,000.     She remitted $500 because, as the record states, she sued for only $1,500.     Defendants raise the following questions:

(1) Did the comment of plaintiff's counsel in his arguments to the jury concerning the fact that defendants were insured constitute prejudicial error?

(2) Did the court err in not directing a verdict for the defendants at the close of the plaintiff's case because there was no identification of the parties nor proof of ownership of the automobile?

(3) Was the verdict of the jury excessive?

1. Defendants state their objection on this question in the following manner:

"During the opening argument to the jury, Mr. DeVine, counsel for the plaintiff, suddenly bursted into an uproar of oratorical dramatism exclaiming in a most passionate and vindictive tone of voice:  'You don't hear him denying saying "I am insured in the insurance company and the company will settle for it." ' "

Plaintiff justifies his comment on the ground that

what he said was a part of the evidence.     Russell E.
Jordan, the taxicab driver, and a witness for plaintiff,
testified in part as follows:

"*Q.* What, if any, conversation did you have with
Mr. Allen immediately upon the happening of the
accident?

"*A.* Not any right then, because I got the lady to
the hospital as soon as I could get the car to going.
I saw him about half an hour after.

"*Q.* What did he say then?

"*A.* He said he knew he was at fault and the in-
surance company would take care of it."

The trial court instructed the jury as to this in-
cident, as follows:

"Before I forget it, gentlemen of the jury, some-
thing has been said on the matter of what was claimed
to have been said by the defendant; that he was
insured.   That matter has crept into this case, and,
as the court thinks, properly.   It was alleged to have
been said at the time by the defendant, but as to
whether or not the defendant was insured in this case
should have nothing to do with your verdict.   Your
verdict should be based upon grounds absolutely free
and clear from whether there was any insurance car-
ried or not covering this defendant."

In view of the objectionable language being a part
of the testimony, and the statement by the court as
to the use which should be made of it by the jury,
we think no prejudice resulted to defendants.   It has
now become common knowledge that people owning
automobiles have them insured, and because that fact
in a particular case reaches the ears of the jury dur-
ing the trial, it is no longer reversible error unless an
improper use is made of it by counsel for the evident
purpose of inflaming the passions of the jury and
thereby increasing the size of the verdict.   *Ward* v.
*DeYoung,* 210 Mich. 67.

2. Were the parties properly identified and proof
made of the ownership of the automobile?   We think

the record fairly discloses that the automobile in which defendants were riding belonged to the father and that the son was operating it. The taxicab driver testified to a talk with the son soon after the accident as to the ownership of the car:

"Q. What did he say about the ownership of the car?
"A. Of his car?
"Q. Yes.
"A. He said it belonged to his father."

Later, Albert Edwin Allen, the son, testified, upon cross-examination:

"Q. You say your father's name is Albert Thomas Allen?
"A. Yes, sir.
"Q. And he is the defendant named in this suit?
"A. Yes, sir.
"Q. He was the owner of this automobile?
"A. Yes, sir.
"Q. You, as his son, had it here in school?
"A. Yes, sir."

We think this and other bits of testimony sufficiently identified the parties defendant, and pointed out sufficiently the ownership of the car.

3. Defendants' counsel suggests that the verdict is excessive. Plaintiff showed that she was incapacitated for her regular work nearly eight weeks. That she lost in wages nearly $300. Adding to this the loss in doctors' bills, etc., she estimated her pecuniary loss as $554.76. In addition to this there was proof of much pain and suffering, proof of a scar left on the wrist and one over the left eye. We think, under the showing, that the judgment of the jury should not be disturbed as to what plaintiff had lost by reason of her injuries. We find no reversible error.

The judgment is affirmed.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.