PEOPLE *v.* FLEISH.

1. CRIMINAL LAW—RECEIVING STOLEN GOODS—EVIDENCE OF VALUE.
   Evidence of value of stolen property alleged to have been received by defendant, knowing the same to have been stolen, is of importance where crime is a felony if value is in excess of $50 (Act No. 328, § 535, Pub. Acts 1931).

2. SAME—RECEIVING STOLEN GOODS—PRELIMINARY EXAMINATION—EVIDENCE.
   In prosecution for receiving stolen goods, evidence produced before examining magistrate was sufficient to permit him to find that a crime had been committed and that there was probable cause to believe defendant guilty thereof; hence denial of defendant's motion to quash the information before trial was proper (Act No. 328, § 535, Pub. Acts 1931).

3. RECEIVING STOLEN GOODS—SUFFICIENCY OF EVIDENCE.
   In prosecution for receiving stolen goods, knowing them to have been stolen, evidence, consisting in part of testimony of many of those who had been engaged in stealing property much of which had been purchased by defendant, was sufficient to support verdict of the jury, the judge of the credibility of the testimony (Act No. 328, § 535, Pub. Acts 1931).

4. CRIMINAL LAW—RECEIVING STOLEN GOODS—EVIDENCE—OTHER OFFENSES—INTENT—SCHEME TO DEAL IN STOLEN PROPERTY.
   Evidence of other instances when defendant had purchased stolen property some years prior as well as subsequent to the particular crime charged of receiving stolen property knowing it had been stolen was properly admitted, not to establish guilt of the crime charged but as bearing on the intent of defendant and as evidence of the existence of a scheme or plan to deal in stolen property (3 Comp. Laws 1929, § 17320; Act No. 328, § 535, Pub. Acts 1931).

5. SAME—OTHER OFFENSES—REMOTENESS.
   In prosecution for receiving stolen goods, knowing them to have been stolen, admission in evidence of like offenses occurring

five years before and during year following particular offense charged *held*, not reversible error, even if error because of remoteness (3 Comp. Laws 1929, § 17320; Act No. 328, § 535, Pub. Acts 1931).

6. SAME—RECEIVING STOLEN GOODS—CROSS-EXAMINATION.

In prosecution for receiving stolen goods, knowing them to have been stolen, cross-examination of defendant relative to violations of ' the law, dissimilar to the crime charged, while he resided in another city, *held,* not to have resulted in prejudicial error where such cross-examination does not appear to have been conducted in bad faith or overreached a permissible realm (Act No. 328, § 535, Pub. Acts 1931).

7. SAME—RECEIVING STOLEN GOODS—ANNOUNCEMENT OF VERDICT.

Where jury foreman's announcement of verdict of guilty of receiving stolen goods was somewhat inadequately expressed insofar as record of his announcement may not make it clear that the value of the stolen goods was in excess of $50, where clerk made inquiry of the foreman and the other jurors as to whether each of them found defendant guilty of receiving stolen property in excess of $50 as charged in information and they assented thereto, any doubt was removed (Act No. 328, § 535, Pub. Acts 1931).

8. VERDICTS AND FINDINGS—CORRECTION BY JURORS.

Until each juror has given his assent to the final question by the clerk as to their verdict, an opportunity exists to recall any previous assent to a different result and to correct ' any mistake which may have been made by the foreman in announcing the conclusion agreed upon.

Appeal from Jackson; Williams (Benjamin), J. Submitted April 15, 1943. (Docket No. 87, Calendar No. 42,203.) Decided June 7, 1943. Rehearing denied June 30, 1943. Reconsideration denied September 7, 1943.

Louis Fleish was convicted of receiving stolen property. Affirmed.

*Frank L. Blackman* and *Owen Dudley,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Ernest J. Rogers,* Prosecuting Attorney, and *Murl K. Aten,* Assistant Prosecuting Attorney, for the people.

CHANDLER, J. Defendant was charged with and convicted of the crime of receiving stolen property of a value in excess of the sum of $50.

He operated a junk yard in the city of Jackson and the specific offense relied upon by the prosecution was the purchase of some copper wire on December 29, 1941, which had been stolen from the Consumers Power Company.

He contends first that his motion to dismiss made before the examining magistrate should have been granted. In connection therewith, it was claimed that no evidence had been produced to establish that defendant had knowledge that the property purchased was stolen and no proof that the fair market value thereof at the time it was received was in excess of $50, such evidence of value being of importance as the crime was charged as a felony. See Act No. 328, § 535, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–535, Stat. Ann. § 28.803).

In this case, we cannot see where any benefit would accrue by detailing the testimony adduced by the prosecution. It is sufficient to say that we have carefully read the record, including the proceedings before the magistrate, from which it appears that sufficient evidence was produced to permit the magistrate to find that a crime had been committed and that there was probable cause to believe defendant guilty thereof. *People* v. *Dochstader,* 274 Mich. 238. For the same reason the trial court did not err in denying defendant's motion to quash the information, said motion having been made and denied prior to trial in the circuit court.

At the close of the prosecution's proof, defendant moved for a directed verdict. It was claimed that the proof failed to sustain the essential elements of the offense. See *People* v. *Tantenella,* 212 Mich. 614. Many of the witnesses produced by the people were those who had been engaged in the stealing of property, much of which it was claimed had been purchased by defendant. They had been convicted of the thefts and their testimony in many particulars was inconsistent, vague and contradictory, yet there was sufficient evidence to support the verdict of the jury who judge the credibility of the testimony. *People* v. *Franszkiewicz,* 302 Mich. 144.

The prosecution was permitted to introduce proof of other instances when defendant had purchased stolen property, said offenses occurring prior and subsequent to the crime charged, and under suspicious circumstances indicating that defendant had knowledge that such property was stolen at the time it was received. In point of time, they extended from the year 1940 to 1942, and testimony of one such offense occurring in 1936 was permitted. This testimony was properly admitted, not to establish guilt of the crime charged, but as bearing on the intent of defendant and as evidence of the existence of a scheme or plan to deal in stolen property. 3 Comp. Laws 1929, § 17320 (Stat. Ann. § 28.1050); *People* v. *Di Pietro,* 214 Mich. 507; *People* v. *Guise,* 262 Mich. 72; *People* v. *Kalder,* 284 Mich. 235; *People* v. *McHugh,* 286 Mich. 336. See, also, 62 L. R. A. 269; 105 A. L. R. 1288. And if it was error to admit evidence of such acts occurring in 1936 and 1942 because of remoteness to the offense charged, as defendant contends, it cannot be said to have been prejudicial in this case and grounds for reversal.

Defendant testified in his own behalf and was interrogated on cross-examination by the prosecutor relative to violations of the law, dissimilar to the crime charged, while he was residing in the city of Detroit. Defendant admitted one or two of the charges but denied the others, stating that they must refer to his son who bore the same name. The record does not show that the cross-examination was conducted in bad faith or overreached a permissible realm. We are convinced that no prejudicial error resulted therefrom.

When the jury returned after deliberating, the following occurred:

"The clerk of the court called the roll of the jurors, and each juror answered as his or her name was called.

"*The Clerk of the Court:* Members of the jury, have you agreed upon a verdict? If so, let your foreman rise and speak for you.

"*Juror Number Two:* We have, your Honor.

"*The Clerk of the Court:* What is your verdict?

"*Juror Number Two:* Guilty of receiving stolen property to the extent of $50, or in excess of $50.

"*The Clerk of the Court:* Members of the jury, listen to your verdict as recorded. You do say upon your oath that you find the defendant, Louis Fleish, guilty of receiving stolen property in excess of $50 in manner and form as the people hath in their information in this case charged.

"So say you, Mr. Foreman?

"*Juror Number Two:* Yes, sir.

"*The Clerk of the Court:* So say you all, members of the jury?

"*The Jurors:* Yes."

Defendant contends that the verdict as announced by the foreman was unintelligible; that it failed to determine that he was guilty of receiving stolen property of a value in excess of $50; that it merely

declared him to be guilty of either a misdemeanor or a felony without determining the exact offense.

Of this proceeding, the trial court in his decision on defendant's motion for a new trial, said:

"When the foreman said, in reply to the clerk's inquiry as to what is your verdict, 'Guilty of receiving stolen property to the extent of $50, or in excess of $50,' the court understood and believed from his words and his manner that he had imperfectly expressed the verdict as to value and desired to correct the same and did correct it by saying 'or in excess of $50.' The court construed these words to mean 'or, rather, in excess of $50.' If the court had thought that the foreman was reporting a self-contradictory or alternative statement, it would have sent the jury back to their jury-room to bring in a verdict in accordance with the specific instructions of the court in the charge as to the three possible forms of their verdict.

"It is significant, it is believed, that the clerk understood the foreman to mean a value in excess of $50, because he immediately so stated the verdict of the jury in the long-familiar and usual form. The foreman and the jury apparently also so understood it, because when separately questioned by the clerk according to the old form, both foreman and the jury expressed their assent to the verdict as stated to them by the clerk."

Although the verdict as announced by the foreman was somewhat inadequately expressed, we believe it sufficiently clear that they found defendant guilty of the crime charged in the information. Any doubt existing was removed by the response of the jurors to the inquiry of the clerk as to their verdict. As was said in *State* v. *Mosca,* 90 Conn. 381 (97 Atl. 340):

"But, however the declarations of the foreman are to be construed, the verdict in the case is that

which was repeated to the jurors and to which they each assented. 'This last answer by each juror made the verdict.' *Watertown Ecclesiastical Society's Appeal from Probate*, 46 Conn. 230. Until each juror had given his assent to this last question by the clerk, there was an opportunity to recall any previous assent to a different verdict or to correct any mistake made by the foreman in delivering the verdict agreed upon.''

The judgment is affirmed.

BOYLES, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.