PRICE *v.* WESTERN.

AUTOMOBILES—WILFUL AND WANTON MISCONDUCT—QUESTION FOR JURY—INTOXICATING LIQUORS—SPEED—WRONG SIDE OF ROAD— REMONSTRANCES BY GUEST.

> Trial court did not err in submitting to the jury as a question of fact whether defendant motorist was guilty of wilful and wanton misconduct in the operation of his car, where there is evidence that he had been drinking intoxicating liquors and drove 70 miles an hour on the wrong side of the street and would not slow down in spite of plaintiff guest passenger's remonstrances before colliding with approach to a bridge, wrecking the car and severely injuring plaintiff.

Appeal from Iosco; Dehnke (Herman), J. Submitted April 11, 1951. (Docket No. 29, Calendar No. 45,034.) Decided June 4, 1951.

Separate actions of case by Frances Price and Melvin Price against Harold Western for damages sustained when plaintiff Frances Price was injured by defendant's automobile striking an abutment. Verdicts and judgments for plaintiffs. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

5 Am Jur, Automobiles, § 243.

What amounts to gross negligence, recklessness, or the like, within statute limiting liability of owner or operator of automobile for injury to guest. 74 ALR 1198; 86 ALR 1145; 96 ALR 1479.

Automobiles: Gross negligence, recklessness, or the like, within "guest" statute or rule, predicated upon position of car on wrong side of road or encroachment across center line. 136 ALR 1256.

*Temple, Brown, Temple & Williams,* for plaintiffs.

*Smith & Brooker,* for defendant.

BOYLES, J.   Plaintiff Frances Price and her husband Melvin Price brought separate suits to recover damages sustained as a result of injuries received by Frances in an automobile accident while she was a guest passenger in the defendant's automobile. The 2 cases were consolidated for jury trial and resulted in substantial verdicts and judgments for both plaintiffs. The defendant appeals on a consolidated record.

The trial court, under appropriate instructions, submitted to the jury, as an issue of fact, the question of the negligence or wilful and wanton misconduct of the defendant.[*]   The sole controlling question on which the defendant seeks reversal is stated in his brief, as follows:

"Did the court err in submitting to the jury as a question of fact the question of whether or not the defendant was guilty of wilful and wanton misconduct in the operation of his motor vehicle?"

Plaintiff Frances, employed as a waitress in bars in Detroit, was on a vacation, staying at a cottage at Oscoda, in Iosco county. She met and became somewhat acquainted with the defendant one afternoon in October, 1948, in a bar in Oscoda. She testified that after some drinking together the following conversation occurred:

"Then I asked him 'Do you know a place where I can buy some low-heeled shoes? I have been all around town and I cannot find a pair that I like.' 'Well,' he said, 'There is a lot more stores in Tawas, and I am sure you can find some shoes down there you would like, and I will take you to Tawas tonight.'

[*] See CL 1948, § 256.29 (Stat Ann § 9.1446).—REPORTER.

And I said, 'Never mind, I will go tomorrow in the bus.' And he said, 'Oh come on, let me take you tonight.' 'No,' I said, 'I will go tomorrow on the bus. I may want to do some more shopping around Tawas.' "

Then she decided she needed something from a drugstore and they left the bar together. She testified that the defendant was not intoxicated at that time. She got into the defendant's automobile, they stopped at a drugstore for her to make a purchase, she again got into the defendant's automobile and, instead of returning to the bar in Oscoda as she requested, the defendant started for Tawas. She testified that the minute she got into the car, "he shot off like mad * * * kept going faster and faster * * * he was driving on the wrong side of the street and had been for quite some time." When she remonstrated and complained that he was driving too fast, he said, "I am driving—I know how to drive." She further testified:

"He kept his foot on the accelerator and kept going faster and faster, and then I looked out of the window and I got scared because the car was going so fast, and I looked at the speedometer and it was 70, and I said 'slow up; you are going 70.' He said, 'This car can do 90. I just had it repaired.' He did not slow up."

The car started to swerve, defendant drove on the wrong side of a curve, she concluded then that he was intoxicated "when he was driving on the wrong side of the street and he was talking awful loud and rough—cocky, and I thought that he was drunk then." They had gone only about a mile when the car, after swerving on a curve, struck the approach to a bridge, was wrecked, and plaintiff sustained serious injuries.

The defendant, sworn in his own behalf, testified that he had a very dim recollection of what occurred while he was drinking in the bar, how many drinks he had, or what happened afterward. He testified that he remembered nothing that happened after he had passed a gasoline station in Oscoda, until he woke up in the hospital.

The court submitted special questions to the jury, 2 of which were:

(1) "Was the accident in which plaintiff was injured the result of defendant's negligence?" Answer, Yes.

(2) "On the occasion in question, was the defendant guilty of wilful and wanton misconduct in the operation of his automobile?" Answer, Yes.

The trial court did not err in submitting to the jury as a question of fact whether the defendant was guilty of wilful and wanton misconduct—gross negligence. *Kocks* v. *Collins* (decided May 14, 1951), *ante,* 423. To the extent that previous decisions of the Court seem to hold to the contrary we now decline to follow the same.

Affirmed.

REID, C. J., and NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred with BOYLES, J. DETHMERS, J., concurred in the result.