CARTIER *v.* YOUNG

INSURANCE—LIABILITY COVERAGE—REFERENCE TO INSURANCE—RE-
VERSIBLE ERROR.
> Permitting plaintiffs' counsel to question the defendant in an
> automobile negligence case concerning his liability insurance
> coverage is reversible error (MCLA § 500.3030).

Appeal from St. Clair, Halford I. Streeter, J.
Submitted Division 2 February 2, 1971, at Lansing.
(Docket No. 8832.)  Decided February 24, 1971.

Complaint by Francis O. Cartier, for himself and
as next friend of Michael Cartier, a minor, against
Thomas G. Young and Genevieve E. Young to
recover for personal injuries sustained in an auto-
mobile-motorcycle accident.  Verdict and judgment
for plaintiffs.  Defendants appeal.  Reversed and
remanded for new trial.

*McIntosh, Oppliger & Mugan,* for plaintiffs.

*Bush, Luce, Henderson & Black,* for defendants.

Before: QUINN, P. J., and McGREGOR and O'HARA,*
JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

---

REFERENCE FOR POINTS IN HEADNOTE
22 Am Jur 2d, Damages §§ 319, 320.

Per Curiam. Defendants state the only issue raised on this appeal as follows: "Did the trial court error in allowing plaintiffs' counsel to question defendant Thomas G. Young concerning his liability insurance coverage?"

During the course of the trial there were several references to defendants' insurance before the questioning of Thomas G. Young by plaintiffs' counsel which brought on this appeal. Defendants' motions for mistrial were denied on the basis that the references were inadvertent. From the wording of the issue raised on appeal, we conclude that plaintiffs would not claim error on this ruling.

However, plaintiffs called Thomas G. Young for cross-examination on rebuttal and the following occurred:

"*Q.* Why did you waste your time talking to Kathy Golden, Barbara Higginbottom, Ray Swoffer, Kathy Kramer, Bob Welch, Phil Erickson, and Edward Smith?

"*A.* Because I have four children and I was being sued for $150,000.

"*Q.* And you have insurance to cover it, haven't you?

"*A.* No, I have not.

"*Q.* You don't have insurance?

"*Mr. Henderson:* Your Honor, I would like to renew my motion that has been made previously, if I could.

(*Reference is to prior motions for new trial*)

"*The Court:* Motion denied.

"*Q.* You don't have insurance to cover this lawsuit?

"*A.* I have a little.

"*Q.* How much?

"*Mr. Henderson (for defendant):* Your Honor, I wonder if we could have the jury excused for me to make a motion, please.

*"The Court:* No, we'll go ahead. You can make the motion afterwards.

*"Q.* How much?

*"A.* How much insurance do I have?

*"Q.* Yes. You are pleading poverty. You say you have a wife and four children.

*"A.* I have $25,000 insurance."

Thomas G. Young was not a witness to the accident and he rebutted nothing.

Subsequently, defendants were permitted to make their motion for mistrial and it was denied. In their motion for judgment notwithstanding the verdict or for new trial, defendants again asserted the error involved in this appeal. In denying this motion in a ruling from the bench, the trial judge stated, among other things:

"Regarding the insurance matter, which first came into the case upon a question about the defendant's attorney, by one of his own witnesses. Once the insurance is mentioned, it is in the case. I can see no harm in it, if it appeared in the case after that."

Even if we agreed with the trial court that in this day and age there is no harm done by references to insurance in a motor vehicle accident case, we would still be compelled to reverse. MCLA § 500-.3030 (Stat Ann 1957 Rev § 24.13030); *Benmark* v. *Steffen* (1965), 374 Mich 155.

Reversed and remanded for new trial with costs to defendants.