CACAVAS v BENNETT

1. APPEAL AND ERROR—SPECULATIVE ISSUE.

The plaintiffs' claim on appeal that admitting evidence of litigation involving complaints by the plaintiffs similar to the complaint being tried was reversible error because they were prejudiced by the fact that the jurors might well have some connection with the opposing parties in the other suits is not reviewed on appeal where the claim is merely conclusory speculation and not a compelling argument supported by citation to authority.

2. EVIDENCE—HEARSAY—BUSINESS RECORDS—EMPLOYEE'S MEDICAL RECORDS.

Medical records kept by an employer are admissible under the business record exception to the hearsay rule where it is established that the records were kept in the ordinary course of business by the employer (MCLA 600.2146).

3. TRIAL—INSURANCE—REFERENCE TO INSURANCE—INFLAMING PASSIONS.

Intentionally interjecting into evidence the subject of insurance is reversible error if the sole purpose is to inflame the passions of the jury so as to increase the size of the verdict; however, it is not reversible error if the subject of insurance is only incidentally brought into the trial, is only casually mentioned, or is used in good faith for purposes other than to inflame the passions of the jury (MCLA 500.3030).

4. AUTOMOBILES—NEGLIGENCE—INSURANCE—REFERENCE TO INSURANCE—OPENING DOOR.

Allowing defense counsel to bring out that the plaintiff in an automobile negligence case was covered by medical insurance

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 1026.
[2] 30 Am Jur 2d, Evidence § 914 et seq.
[3, 4] 29 Am Jur 2d, Evidence § 404 et seq.

was not reversible error where the plaintiff opened the subject by introducing testimony that the plaintiff had no insurance and where defense counsel's purpose in bringing out that evidence was to rebut the inference that the plaintiff was poverty-stricken and bereft of any means of securing hospitalization (MCLA 500.3030).

Appeal from Wayne, Charles S. Farmer, J. Submitted Division 1 November 10, 1971, at Detroit. (Docket No. 10243.) Decided January 18, 1972. Leave to appeal denied, 387 Mich 767.

Complaint by Peter and Dorothy Cacavas against Christine Bennett and Interstate Trucking Corporation for damages resulting from an automobile accident. Settlement reached with defendant Bennett. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Ostrowski, Wilson & Belanger* (by *Ray H. Boman*), for plaintiffs.

*Davidson, Gotshall, Kohl, Nelson, Secrest, Wardle & Lynch,* for defendant Interstate Trucking Company.

Before: LESINSKI, C. J., and HOLBROOK and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. This litigation arose out of an accident involving three automobiles and one truck, the occurrence of which took place early on December 23, 1964, while the parties were travelling west on Edsel Ford Expressway near Cass Avenue in the City of Detroit, Michigan.

Suit was brought by the plaintiffs against the two named defendants, but before the case was submit-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ted to the jury, Miss Bennett made a settlement in the amount of $10,000 and was released completely of further liability. The jury returned a verdict of no cause of action as to both parties. Therefore, this appeal involves only the plaintiffs and the defendant Interstate Trucking Corporation.

Four different issues are raised for our consideration.

I. *Did the trial court commit reversible error in permitting plaintiff to be cross-examined with regard to other litigation instituted by plaintiff?*

In the instant case plaintiff claimed loss of wages due to injuries sustained in the accident. In the cross-examination of plaintiff by counsel for defendant truck company, it was brought out that plaintiff had been discharged by his employer, General Motors, shortly prior to the accident, and that plaintiff had commenced suit against General Motors Corporation and his union local for lost wages for what plaintiff alleged to be a wrongful discharge. Plaintiff objected to such testimony on the ground of relevancy. The trial court permitted the questioning regarding the other litigation, since it tended to impeach plaintiff's alleged claim of lost wages due to the accident.

On appeal plaintiffs admit that the evidence of the other litigations involving similar claims may be brought out on cross-examination for impeachment purposes. See *Schwartz* v *Triff,* 2 Mich App 379 (1966); *Hanik* v *Wilczynski,* 33 Mich App 268 (1971). Plaintiffs, however, assert that since the parties involved in these other suits might well have some connection with the jurors, plaintiffs were thereby prejudiced. There is no merit to this claim. Not only did plaintiffs not move for a mistrial below, but also, their claim on appeal fails to rise above

mere speculation and is unsupported by any authority. It is axiomatic that appellate review requires presentation of arguments and authority rather than conclusory speculation. Absent such citation of authority and presentation of compelling arguments, this Court will not review the issue. *Consumers Power Company* v *Reich,* 31 Mich App 138 (1971); *Grove* v *Story Oldsmobile, Inc,* 31 Mich App 613 (1971).

II. *Did the trial court commit reversible error by admitting into evidence medical records regarding plaintiff's health?*

The medical records in question were records which were kept by plaintiff's employer in the regular course of business. Plaintiffs assert that they should not have been admitted into evidence because they were hearsay. This issue is without merit. It was established that the records were kept in the ordinary course of business by the employer; therefore, the records were clearly admissible under the business exception to the hearsay rule. MCLA 600.2146; MSA 27A.2146; *Jackson* v *Gregory,* 32 Mich App 301 (1971). We might also point out that each of the offered records were signed by the plaintiff Peter Cacavas.

III. *Did the trial court commit reversible error by charging the jury as to contributory negligence, but failing to charge as to subsequent negligence?*

Contributory negligence was pled in the answers of the defendants and set forth in their pretrial statements. The testimony, while controverted, would support a finding of contributory negligence. It was, therefore, proper to charge the jury as to contributory negligence.

While plaintiffs' counsel did mention in passing the possibility of subsequent negligence on the part

of the defendant truck company, he did not request a charge as to the doctrine of subsequent negligence, nor did he object with any specificity to the omission of such a charge. Since GCR 1963, 516.2 requires that an objection be set forth with some degree of specificity before alleged errors in the giving of instructions will be heard on review, we hold that the error alleged herein was not properly preserved for appellate review. See *Linendoll* v *Te Paske,* 327 Mich 129, 136, 137 (1950); *Kotila* v *McGinty,* 28 Mich App 396 (1970).

IV. *Did reversible error result from the inquiry by defense counsel as to the nature and extent of plaintiffs' hospital and automobile insurance coverage?*

Plaintiffs assert that reversible error resulted from allowing defense counsel to bring out that plaintiff husband was covered under plaintiff wife's Blue Cross insurance policy, and that plaintiff husband received certain sums under the medical coverage of his automobile insurance policy. While plaintiffs' counsel repeatedly objected to the testimony regarding the wife's Blue Cross policy, no objection was made to the testimony regarding the medical coverage under the automobile policy; in fact counsel for plaintiffs took advantage of the opportunity and questioned the representative of the automobile underwriter concerning the reports on the nature of the injury.

To put the situation confronting defense counsel at the time he brought out these matters in a proper perspective, it is necessary to mention the nature of the evidence which plaintiff had previously brought out. Plaintiff, on direct examination, testified that when he was discharged from his job shortly prior to the accident he lost his Blue Cross coverage.

Further, plaintiffs' doctor testified that plaintiff was not hospitalized because "he didn't have any insurance or any money". Defense counsel was thus confronted with the situation whereby the jury was led to believe that plaintiffs were poverty stricken and bereft of any means to secure hospitalization. To the end of rebutting that inference raised by plaintiffs, defense counsel brought out that plaintiff husband had his wife's Blue Cross coverage available to him and that he had received compensation under the medical coverage of the automobile policy.

By statute, reference to available insurance coverage is not to be made by any party. MCLA 500-.3030; MSA 24.13030. It has been repeatedly held that it is reversible error to intentionally interject the subject of insurance if the sole purpose is to inflame the passions of the jury so as to increase the size of the verdict. See *Felice* v *Weinman,* 372 Mich 278 (1964); *Benmark* v *Steffen,* 374 Mich 155 (1965); *Cartier* v *Young,* 31 Mich App 151 (1971). On the other hand, it is not reversible error if the subject is only incidentally brought into the trial, is only casually mentioned, or is used in good faith for purposes other than to inflame the passions of the jury. *Morris* v *Montgomery,* 229 Mich 509 (1924); *Sutzer* v *Allen,* 236 Mich 1 (1926); *White* v *Makela,* 304 Mich 425 (1943); *Watroba* v *Detroit,* 334 Mich 182 (1952); *Broitman* v *Kohn,* 16 Mich App 400 (1969).

Clearly, in the instant case, the purpose was not to inflame the passions of the jury; but rather, the purpose was to quench the passions improperly inflamed by plaintiffs' attempt to paint a picture of abject destitution. While we deplore the fact that the question of insurance was ever allowed to be brought before the jury, whatever prejudice was raised was clearly initiated by plaintiffs' original opening of

the subject.   Since plaintiffs opened the subject, they are now estopped from claiming error.   See *Broitman* v *Kohn, supra.*

Affirmed.   Costs to the appellee.
All concurred.