WAYNE COUNTY PROSECUTING ATTORNEY v DETROIT
RECORDER'S COURT JUDGE

OPINION OF THE COURT

1. JURY—CRIMINAL LAW—VERDICT—NONUNANIMOUS—COURTS—
   COURT RULES.

   Acceptance by a trial court of a jury verdict of not guilty by
   reason of insanity was clearly erroneous where one juror
   expressed disagreement with the verdict on the poll of the jury
   (GCR 1963, 512.2).

2. JURY—VERDICT—POLL—JURORS—RECANTING ASSENT.

   A juror can recant a previous assent to a verdict at any time
   prior to his express in-court assent at the polling.

3. COURTS—APPEAL AND ERROR—COURT OF APPEALS—JUDGMENT—RE-
   LIEF—DISCRETION—COURT RULES.

   The Court of Appeals, in its discretion, may give any judgment
   and make any order which ought to have been given or made,
   and make such other and further orders and grant such relief
   as the case may require (GCR 1963, 820.1[7]).

DISSENT BY R. M. MAHER, J.

4. CRIMINAL LAW—CONSTITUTIONAL LAW—DOUBLE JEOPARDY—TRIAL
   —JURY—DISCHARGE OF JURY.

   *A defendant has a right to have his guilt weighed finally by a
   tribunal once he has been placed in jeopardy; if the jury is
   discharged without legal justification or defendant's consent
   before his guilt or innocence has been determined, the dis-
   charge is equivalent to an acquittal and bars retrial.*

Original action in the Court of Appeals. Submit-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 76 Am Jur 2d, Trial §§ 1122–1127.
[3] 5 Am Jur 2d, Appeal & Error § 898.
[4] 21 Am Jur 2d, Criminal Law §§ 194–196, 198, 204.

ted June 5, 1975, at Detroit. (Docket No. 18907.)
Decided September 22, 1975.

Complaint by the Wayne County Prosecuting
Attorney, William L. Cahalan, against Samuel G.
Gardner, Judge of the Recorder's Court of Detroit,
for an order of superintending control requesting
the Court of Appeals to vacate a judgment of the
court below and declare a mistrial. Judgment re-
versed, mistrial declared, and remanded.

*William L. Cahalan,* Prosecuting Attorney, *Pa-
tricia J. Boyle,* Principal Attorney, Research,
Training and Appeals, and *Michael O. Lang,* As-
sistant Prosecuting Attorney, for the plaintiff.

Before: DANHOF, P. J., and R. B. BURNS and
R. M. MAHER, JJ.

R. B. BURNS, J. Plaintiff brings an original civil
action seeking a writ of superintending control
and requesting us to vacate a judgment of the
court below and declare a mistrial.

Plaintiff's complaint evolves from the actions of
a Recorder's Court Judge in the case of *People v
Hibbitt,* Recorder's Court No. 73 00649. On the
evening of May 31, 1973, the jury informed the
court that it had reached a verdict. The judge
excused the jury until the next morning, at which
time the foreman announced to the court that
they had found the defendant not guilty by reason
of insanity. One juror remained seated during the
swearing, and indicated upon the poll of the jury
that she did not agree with the verdict. After
eliciting the information that she had voted with
the majority on the preceding evening, the court
bound her to this previous vote over the strenuous
objection of the prosecutor. The court then ac-

cepted the verdict, excused the jury, and committed the defendant to the care of the Department of Mental Health.

It is apparent from the great weight of authority that it was clearly erroneous for the court below to accept this nonunanimous verdict. There was no stipulation in this case pursuant to GCR 1963, 512.1 that a stated majority less than unanimity would be allowed to render a verdict. The clear language of GCR 1963, 512.2 provides that "If any juror expresses disagreement on such poll * * * the jury shall be sent out for further deliberation * * * ". In *People v Fleish,* 306 Mich 8, 14; 9 NW2d 905, 907 (1943), the Supreme Court stated that a juror could recant a previous assent to a verdict at any time prior to his express in-court assent at the polling. See also *People v Pizzino,* 313 Mich 97, 105; 20 NW2d 824, 827 (1945), *Stewart v People,* 23 Mich 63, 78 (1871). The court should have instructed the jury to deliberate further or in the alternative determined if the jury was unable to reach a verdict.

Under GCR 1963, 820.1(7), this Court, in its discretion, may "[g]ive any judgment and make any order which ought to have been given or made, and make such other and further orders and grant such relief, as the case may require * * * ".

It is obvious that we cannot instruct the jury to deliberate further. However, we can determine that the jury could not reach a verdict and order a mistrial.

The Court hereby *sua sponte* declares a mistrial because the jury was unable to reach a verdict. The cause will be remanded to the trial court for a new trial.

Reversed and remanded for a new trial.

·DANHOF, P. J., concurred.

R. M. MAHER, J. *(dissenting)*. GCR 1963, 512
provides in pertinent part:

· ".2 The jury agreeing on a verdict shall return into
court and announce their verdict. A party may require
a poll which shall be by the clerk asking each juror if it
is his verdict. *If any juror expresses disagreement on
such poll and the number of those agreeing is less than
required by law, the jury shall be sent out for further
deliberation;* otherwise the verdict is complete and the
jury shall be discharged.

".3 The court may discharge a jury from the case
because of any accident or calamity requiring it, .or by
consent of all the parties, or when a continuance or
*mistrial is declared, or when they have deliberated
until it appears that they cannot agree.* The court may
order another jury to be drawn, and the same proceed-
ings may be had before such new jury as might have
been had before the jury so discharged." (Emphasis
supplied.)

Not only did the trial judge, in the present case,
fail to follow the court rule's mandate to send the
jury out for further deliberation but he could not,
as the majority holds, have properly declared a
mistrial. There would be no "manifest necessity
for the act" since there is no showing that the jury
was unable to reach a verdict. See *United States v
Perez,* 22 US 579, 580; 6 L Ed 165 (1824). The jury
in this case was not allowed sufficient opportunity
to properly reach a verdict or reach an impasse.

"Once a defendant has been placed in jeopardy, he
has a right to have his guilt weighed finally by that
tribunal. If the jury is discharged without legal justifica-
tion or defendant's consent before his guilt or innocence
has been determined, the discharge 'is equivalent to an
acquittal and bars retrial'." *People v Gardner,* 37 Mich

App 520, 526; 195 NW2d 62 (1972), *lv den,* 387 Mich 771 (1972). (Citations omitted.)

I would reverse the trial court and order defendant released.