AKYAN v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 155501. Submitted April 20, 1994, at Detroit. Decided
    September 20, 1994, at 9:35 A.M.

Aghavanie Akyan brought an action in the Wayne Circuit Court
    against Auto Club Insurance Association, alleging breach of a
    contract of automobile insurance after the defendant refused to
    pay the plaintiff's claim for the theft and arson of her minivan.
    At a jury trial in which the court, James J. Rashid, J., ruled
    that evidence of the plaintiff's plea of no contest to a criminal
    charge of fraud concerning the alleged theft and arson was
    admissible, but not conclusive, evidence of material misrepre-
    sentation by the plaintiff, the court directed a verdict and
    entered a judgment of no cause of action after determining that
    the plaintiff had failed to establish damages by not presenting
    sufficient proof at trial of the fair market value of the van on
    the date of the alleged loss. The plaintiff appealed.

The Court of Appeals *held:*

1. The plaintiff sufficiently established the value of the van
    by testifying to what she had paid for it, its age and condition,
    and the price at which she would have sold the van on the date
    of the loss had it not been allegedly stolen and burned. The
    trial court erred in granting a directed verdict and judgment of
    no cause of action.

2. Evidence of a claimant's plea of no contest to a criminal
    charge is admissible against the claimant in a later civil suit by
    the claimant but does not automatically and conclusively ban
    the claim.

Affirmed in part, reversed in part, and remanded for a new
    trial.

1. INSURANCE — AUTOMOBILES — FAIR MARKET VALUE.

An automobile owner who sues an insurer for breach of a
    contract of automobile insurance for refusing to pay for the loss

REFERENCES

Am Jur 2d, Automobile Insurance § 419; Criminal Law § 499;
    Evidence §§ 164, 165, 519.

Test or criterion of "actual cash value" under insurance policy
    insuring to extent of actual cash value at time of loss. 61 ALR2d
    711.

of the automobile presents proof of the fair market value of the automobile on the date of its alleged loss that may be sufficient to withstand a motion for a directed verdict in favor of the insurer by testifying to the price paid for the automobile, its age and condition, and the price at which the owner would have sold the vehicle on the date of its loss had it not been lost.

2. EVIDENCE — NO-CONTEST PLEAS — ADMISSIBILITY IN SUBSEQUENT ACTIONS.

A prior plea of no contest to a criminal charge is admissible against a claimant in a civil suit but does not automatically and conclusively ban the claim (MRE 410[2], 803[22]).

*Mark L. Bellamy,* for the plaintiff.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Schoolmaster & Taylor* (by *Onjel L. Benson*) (*John A. Lydick*, of Counsel), for the defendant.

Before: NEFF, P.J., and WHITE and M. L. STACEY,* JJ.

PER CURIAM. Plaintiff appeals as of right the trial court's grant of a directed verdict and a judgment of no cause of action in favor of defendant in plaintiff's action to recover under her insurance policy for the value of her automobile allegedly stolen and destroyed by fire. We affirm in part, reverse in part, and remand.

Plaintiff owned a 1990 Oldsmobile Silhouette minivan insured by defendant. According to plaintiff, she drove the van to work on a morning in early June 1990, found it missing that afternoon when she attempted to leave work, and, with her brother's assistance, reported it stolen to the police within thirty minutes. The police report indicated that plaintiff made her report on June 6, 1990. However, the vehicle had been found burning at approximately 11:00 P.M. on June 5, 1990, the

* Circuit judge, sitting on the Court of Appeals by assignment.

previous evening. Plaintiff subsequently pleaded no contest to a criminal charge of fraud. However, when defendant refused to pay for the loss of the car, citing material misrepresentation, plaintiff sued for breach of contract.

At trial, plaintiff's counsel stated that he would show that the police report date of June 6, 1990, was an error, and also that the car found burning on June 5 was not plaintiff's vehicle. However, plaintiff was the sole witness during the case in chief, and did not address these matters. Rather, she testified that her family was not experiencing financial difficulty at the time; that she neither burned her car nor arranged for someone else to steal and burn it; that when she purchased the car on January 31, 1990, it had a sticker price of $22,000, but that she paid $19,212.82 for it with a down payment of $5,000 and a trade-in; that it was approximately four months old, with four thousand miles on it; that she had paid three monthly payments of $374; and that it was "a very good car" and she "loved" it. She also testified that she is a jeweler, and that she used the van to transport her merchandise, as did other jewelers with shops in the same building. Plaintiff, an immigrant who required an interpreter at trial, also repeatedly stated that she does not understand English, and testified that she relied on her brother in making the police report and simply signed it when it was completed. She also stated that she pleaded no contest to the criminal charge because she did not understand that she was charged with a crime, did not understand what was going on, and "[w]hatever my lawyer told me, I did." However, plaintiff acknowledged that she was accompanied throughout the proceedings by her daughter, who was educated in this country and acted as her interpreter.

Defendant moved for a directed verdict on three grounds: (1) that plaintiff had not offered any evidence that the van found on June 5, 1990, was not plaintiff's or that the police report referred to an incorrect date; (2) that plaintiff had not offered any evidence of the van's fair market value on the date of loss; and (3) that plaintiff's no-contest plea was similar to a guilty plea, and, for civil purposes, conclusive evidence of her alleged material misrepresentation to defendant, thus barring her claim.

Plaintiff's counsel admitted that he had not called witnesses, indicating that he intended to present his proofs through the cross-examination of defense witnesses. Concerning the fair market value of the van, he argued that plaintiff had offered sufficient evidence of the van's value to enable the jury to determine its value on the date of the alleged theft. Counsel finally argued that the no-contest plea was admissible, but not conclusive.

The trial court ruled that plaintiff was not required to rebut defendant's defense through proofs in her case in chief, allowed plaintiff to reopen her proofs to establish fair market value, and determined that plaintiff's no-contest plea was admissible, but not tantamount to a conclusive factual finding for civil purposes. The court thus denied defendant's motion.

When testimony resumed, plaintiff testified that she did not know how much her van was worth on June 5 and 6, 1990, but that she knew what she had paid for it, that it was about four months old, had four thousand miles on it, that it had no damage or rust, and that if someone had approached her at that time wanting to buy it, she would have asked more than $18,000 for it. Plaintiff also testified that she had bought four or five

new cars in the sixteen years she has been in this country, each time assisted by her son, who did the negotiating for her.

On the basis of this testimony, defendant again moved for a directed verdict, arguing that the evidence did not indicate fair market value and would only permit a jury to speculate on what the actual value would be. The court granted defendant's motion. Plaintiff now appeals.

I

We agree with defendant that plaintiff had a wide variety of evidentiary options available to her, including expert testimony from an insurance adjuster, bank loan officer, dealer, salesman, or appraiser. We note, however, as does defendant, that expert testimony was not required. Moreover, the question before us, regardless of the presence or absence of such testimony, is whether, considering plaintiff's evidence in the light most favorable to her and granting her the benefit of every reasonable inference that can be drawn from the evidence, the evidence presented was sufficient to establish the van's value at the time of the alleged theft. *Rynerson v Nat'l Casualty Co*, 203 Mich App 562, 564; 513 NW2d 436 (1994). We hold that it was sufficient, and because reasonable minds could differ in regard to whether plaintiff met her burden of proof, the motion should have been denied. *Id.*

Here, plaintiff's testimony established that on January 31, 1990, the van had a sticker price of $22,000, which was apparently negotiated down to the $19,212.82 actually paid; that the car was approximately four months old when it was allegedly stolen, with four thousand miles on it; that it was a "very good car," with no rust or damage on

it; and that plaintiff, who "loved" it, would have expected someone to pay her more than $18,000 for it on the day it disappeared. It can be inferred from this evidence that the van was not unusually worn, that it was not a "lemon," and that, while plaintiff did not claim to know its exact worth,[1] she regarded it as having a fair market value of $18,000. We conclude that this evidence was sufficient to establish the element of damages, and agree with the position of plaintiff's trial counsel that if defendant wished to contest plaintiff's valuation, it was free to present and argue blue-book value to the jury instead.

## II

Defendant next contends that the trial court should have dismissed plaintiff's action on the basis of her no-contest plea. Because defendant did not file a cross appeal, it would normally be precluded from addressing issues not raised by plaintiff. *Barnell v Taubman Co, Inc*, 203 Mich App 110, 123; 512 NW2d 13 (1993); *People v Gallego*, 199 Mich App 566, 575-576; 502 NW2d 358 (1993); MCR 7.207. However, because defendant proposes this argument as an alternate ground for sustaining the judgment of dismissal, we will address the issue. *ABATE v Public Service Comm*, 192 Mich App 19, 23; 480 NW2d 585 (1991). The trial court did not err in ruling that the no-contest plea was admissible but not conclusive.

---

[1] Defendant makes much of plaintiff's admission that she did not know what her van was worth. However, we understand that admission to mean that plaintiff was no expert, and did not profess to be, even though she was familiar with the price she paid on purchase, the actual condition of the van four months later, and the price she would have placed on it at that point. We note that, by contrast, the testimony rejected in *Jones v Morgan*, 58 Mich App 455; 228 NW2d 419 (1975), was that of an expert witness who quoted book value, but was unfamiliar with the actual condition of the car in question. *Id.* at 462-463.

MRE 410, as amended, permits the admission of evidence of a claimant's plea of no contest to a criminal charge in a later civil suit by the claimant "to the extent that evidence of a guilty plea would be admissible." MRE 410(2). Similarly, MRE 803(22) indicates that a no-contest plea admissible under MRE 410 is admissible as evidence of a final judgment "to prove any fact essential to sustain the judgment." The question raised by defendant, however, is whether such evidence, when admitted, should also be regarded as conclusive.

We agree with the trial court that the evidentiary support for a finding of guilt required by MCR 6.302 before a court may accept a no-contest plea is not tantamount to a conclusive factual finding for civil purposes. Rather, evidence of the plea is to be weighed by the jury in conjunction with all other evidence presented. Under the Federal Rules of Evidence, evidence of a no-contest plea is not admissible against a claimant in a subsequent suit. FRE 410. The Michigan Rules of Evidence, however, were amended to render a plea of no contest admissible to the extent that a guilty plea would be admissible. The question then is the effect of such pleas when admitted. Under FRE 410, even evidence of a guilty conviction, which is admissible, generally does not act as an automatic and conclusive ban to subsequent claims. Advisory Committee's Note to FRE 803(22), 2 Moore's Federal Practice (1994 Rules Pamphlet), p 419, citing *Connecticut Fire Ins Co v Ferrara,* 277 F2d 388, 392 (CA 8, 1960); *New York & Cuba Mail SS Co v Continental Casualty Co,* 117 F2d 404, 407-408 (CA 2, 1941); *North River Ins Co v Militello,* 104 Colo 28; 88 P2d 567 (1939); anno: *Conviction or acquittal as evidence of the facts on which it was based in civil action,* 18 ALR2d 1287.

Thus, we approve the trial court's ruling regard-

ing the no-contest plea but reverse the court's grant of a directed verdict and dismissal, and remand for a new trial.

Affirmed in part, reversed in part, and remanded.