AKYAN v AUTO CLUB INSURANCE ASSOCIATION (ON REHEARING)

Docket No. 155501. Submitted April 20, 1994, at Detroit. Decided September 20, 1994, at 9:35 A.M. Submitted on rehearing November 1, 1994. Decided on rehearing December 29, 1994, at 9:35 A.M. Leave to appeal sought.

Aghavanie Akyan brought an action in the Wayne Circuit Court against Auto Club Insurance Association, alleging breach of a contract of automobile insurance after the defendant refused to pay the plaintiff's claim for the theft and arson of her minivan. At a jury trial in which the court, James J. Rashid, J., ruled that evidence of the plaintiff's plea of no contest to a criminal charge of fraud concerning the alleged theft and arson was admissible, but not conclusive, evidence of material misrepresentation by the plaintiff, the court directed a verdict and entered a judgment of no cause of action after determining that the plaintiff had failed to establish damages by not presenting sufficient proof at trial of the fair market value of the van on the date of the alleged loss. On appeal by the plaintiff, the Court of Appeals, NEFF, P.J., and WHITE and M. L. STACEY, JJ., reversed the grant of the directed verdict and judgment of no cause of action and remanded for a new trial, holding that the plaintiff had sufficiently established the value of the van. The Court of Appeals affirmed the trial court's ruling regarding the no-contest plea, holding that the plea did not act as an automatic and conclusive ban to the plaintiff's claim against the defendant. 207 Mich App 92 (1994). The Court of Appeals subsequently granted the defendant a rehearing.

On rehearing, the Court of Appeals held:

Evidence of the plaintiff's prior plea of no contest to the criminal charge is admissible pursuant to MRE 410(2) and 803(22) against her in this action but does not act as an automatic and conclusive ban to her claim. Lichon v American Universal Ins Co, 435 Mich 408 (1990), does not dictate that the plaintiff's no-contest plea to a charge of fraud judicially estops her from pursuing this civil action against the defendant. The Court of Appeals, in its prior opinion in this case, correctly relied on analogous federal rules of evidence and Connecticut Fire Ins Co v Ferrara, 277 F2d 388 (CA 8, 1960).

Affirmed in part, reversed in part, and remanded.

*Law Offices of Salem F. Samaan, P.C.* (by *Salem F. Samaan* and *M. Michael Koroi*), for the plaintiff.

*Hanlon, Becker, Lanctot, McCutcheon, Schoolmaster & Taylor* (by *Onjel L. Benson*) (*John A. Lydick,* of Counsel), for the defendant.

ON REHEARING

Before: NEFF, P.J., and WHITE and M. L. STACEY,* JJ.

PER CURIAM. Defendant moved for and was granted rehearing of Issue II of the Court's opinion in *Akyan v Auto Club Ins Ass'n,* 207 Mich App 92; 523 NW2d 838 (1994), addressing the effect in this civil action for breach of an insurance contract of plaintiff's plea of nolo contendere to a criminal charge. That opinion is herein adopted with regard to Issue I, and clarified and expanded with regard to Issue II.

Plaintiff owned a 1990 Oldsmobile Silhouette minivan insured by defendant. According to plaintiff, she drove the van to work on a morning in early June 1990, found it missing that afternoon when she attempted to leave work, and, with her brother's assistance, reported it stolen to the police within thirty minutes. The police report indicated that plaintiff made her report on June 6, 1990. However, the vehicle had been found burning at approximately 11:00 P.M. on June 5, 1990, the previous evening. Plaintiff subsequently pleaded no contest to a criminal charge of fraud. However, when defendant refused to pay for the loss of the car, citing material misrepresentation, plaintiff sued for breach of contract.

* Circuit judge, sitting on the Court of Appeals by assignment.

At trial, plaintiff testified that she is a jeweler, and that she used the van to transport her merchandise, as did other jewelers with shops in the same building. Plaintiff, an immigrant who required an interpreter at trial, also repeatedly stated that she does not understand English, and testified that she relied on her brother in making the police report and simply signed it when it was completed. She also stated that she pleaded no contest to the criminal charge because she did not understand that she was charged with a crime, did not understand what was going on, and "[w]hatever my lawyer told me, I did." However, plaintiff acknowledged that she was accompanied throughout the proceedings by her daughter, who was educated in this country and acted as her interpreter.

Defendant moved for a directed verdict on three grounds: (1) that plaintiff had not offered any evidence that the car found on June 5, 1990, was not plaintiff's or that the police report referred to an incorrect date; (2) that plaintiff had not offered any evidence of the van's fair market value on the date of loss; and (3) that plaintiff's no-contest plea was similar to a guilty plea, and, for civil purposes, conclusive evidence of her alleged material misrepresentation to defendant, thus barring her claim.

In our original opinion we entertained defendant's third argument, although no cross appeal was filed, and held that plaintiff's no-contest plea was admissible but not conclusive evidence of misrepresentation. We explained:

Defendant next contends that the trial court should have dismissed plaintiff's action on the basis of her no-contest plea. Because defendant did not file a cross appeal, it would normally be pre-

cluded from addressing issues not raised by plaintiff. *Barnell v Taubman Co, Inc,* 203 Mich App 110, 123; 512 NW2d 13 (1993); *People v Gallego,* 199 Mich App 566, 575-576; 502 NW2d 358 (1993); MCR 7.207. However, because defendant proposes this argument as an alternate ground for sustaining the judgment of dismissal, we will address the issue. *ABATE v Public Service Comm,* 192 Mich App 19, 23; 480 NW2d 585 (1991). The trial court did not err in ruling that the no-contest plea was admissible but not conclusive.

MRE 410, as amended, permits the admission of evidence of a claimant's plea of no contest to a criminal charge in a later civil suit by the claimant "to the extent that evidence of a guilty plea would be admissible." MRE 410(2). Similarly, MRE 803(22) indicates that a no-contest plea admissible under MRE 410 is admissible as evidence of a final judgment "to prove any fact essential to sustain the judgment." The question raised by defendant, however, is whether such evidence, when admitted, should also be regarded as conclusive.

We agree with the trial court that the evidentiary support for a finding of guilt required by MCR 6.302 before a court may accept a no-contest plea is not tantamount to a conclusive factual finding for civil purposes. Rather, evidence of the plea is to be weighed by the jury in conjunction with all other evidence presented. Under the Federal Rules of Evidence, evidence of a no-contest plea is not admissible against a claimant in a subsequent suit. FRE 410. The Michigan Rules of Evidence, however, were amended to render a plea of no contest admissible to the extent that a guilty plea would be admissible. The question then is the effect of such pleas when admitted. Under FRE 410, even evidence of a guilty conviction, which is admissible, does not generally act as an automatic and conclusive ban to subsequent claims. Advisory Committee's Note to FRE 803(22), 2 Moore's Federal Practice (1994 Rules Pamphlet), p 419, citing *Connecticut Fire Ins Co v Ferrara,* 277 F2d 388, 392 (CA 8, 1960); *New York & Cuba Mail SS Co v*

*Continental Casualty Co,* 117 F2d 404, 407-408 (CA 2, 1941); *North River Ins Co v Militello,* 104 Colo 28; 88 P2d 567 (1939); anno: *Conviction or acquittal as evidence of the facts on which it was based in civil action,* 18 ALR2d 1287.

Thus, we approve the trial court's ruling regarding the no-contest plea but reverse the court's grant of a directed verdict and dismissal, and remand for a new trial. [207 Mich App 97-99.]

On rehearing, defendant asserts that *Lichon v American Universal Ins Co,* 435 Mich 408; 459 NW2d 288 (1990), dictates that plaintiff's no-contest plea to a charge of fraud judicially estops her from pursuing this civil action against defendant. Defendant further challenges this Court's reliance on the Federal Rules of Evidence, which differ from the Michigan rules, and its reliance on *Connecticut Fire Ins Co v Ferrara,* 277 F2d 388, 392 (CA 8, 1960), for the proposition that even a guilty plea does not act as a conclusive bar to subsequent civil claims. Defendant also offers an array of authority not previously presented by it, and asserts that the "modern view" is that a criminal conviction conclusively bars a subsequent civil suit.

The *Lichon* Court did, indeed, consider the doctrine of judicial estoppel, discussing the nature of a nolo contendere plea and its treatment under the rules of evidence. In concluding that there was no judicial estoppel, the Court relied on the Michigan Rules of Evidence (now modified to permit evidence of a nolo contendere plea for the same purposes as evidence of a guilty plea), but also recognized that guilty pleas, while admissible under the federal rule, are not conclusive. *Lichon, supra* at 419. Although the *Lichon* Court did state in a later discussion that it did not address the preclusive effect of a conviction based on a guilty

plea, *id.* at 431, in that same discussion the Court expressed reservations regarding *Imperial Kosher Catering v Travelers Indemnity Co,* 73 Mich App 543; 252 NW2d 509 (1977), relied on by defendant in its motion for rehearing, pointing out that the *Imperial* Court disregarded the requirement of mutuality of estoppel, and distinguishing *Imperial* on the basis that it involved a conviction based on a jury verdict, rather than a nolo contendere plea. Further, the Court refers to 1 Restatement Judgments, 2d, § 27, comment e, pp 256-257, which explains that issues not actually litigated are not accorded preclusive effect in subsequent litigation. Also, while MRE 410 now permits the admission of evidence of a nolo contendere plea, the rule does not change the character or purpose of the plea, as discussed by the *Lichon* Court. 435 Mich 420-422.

As for defendant's assertion that *Ferrara, supra,* supports the opposite proposition for which it was cited, we observe that while the *Ferrara* court would have preferred a contrary rule, it acknowledged that the majority of jurisdictions allowing evidence of a criminal conviction hold that the conviction is merely additional evidence and is not a conclusive bar. *Ferrara, supra* at 392. Further, the *Ferrara* court found the reasoning of other cases persuasive, explaining that "if public policy demands that a criminal be not allowed to profit by his crime and considering the fact that the criminal judgment was based upon a burden of proof requiring guilt beyond a reasonable doubt, there seems little justification for allowing the civil tribunal to reach a conclusion inconsistent with that policy." *Id.* In deciding the case before it, the *Ferrara* court relied on the fact that the criminal conviction resulted from proceedings "fully as complete as that presented in this action"

and that "any conclusion of the finder of fact, having been appraised of this conviction, that this fire was not due to the act and design of the insured would be unsupported by substantial evidence and would demand reversal by us." *Id.* In the instant case, the conviction was not based on proceedings "as fully complete" as that presented in this action, but, rather, resulted from a decision not to contest the prosecutor's charge.

Further, we note that the cases cited by defendant as expressing the "modern view" all preceded *Lichon,* most by many years.

Finally, we observe that the Michigan Supreme Court has not yet abandoned the requirement of mutuality of estoppel when considering the collateral estoppel effect of prior litigation. *Lichon, supra* at 431.

We are satisfied that our original decision in this case was sound.

Affirmed in part, reversed in part, and remanded for further proceedings. We do not retain jurisdiction.