*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL J. MOREY, individual and as Personal Representative for the Estate of MARILYN LOUISE LAROCK,

UNPUBLISHED
February 27, 2020

Plaintiff-Appellee,

v

No. 347379
Ingham Circuit Court
LC No. 17-000772-NI

THEODORE GERARD ARENS and PAMELA JEAN ARENS,

Defendants-Appellants.

Before: FORT HOOD, P.J., and BECKERING and BONSTRA, JJ.

PER CURIAM.

This case arises from a fatal car crash. Defendants Theodore and Pamela Arens appeal by leave granted[1] the trial court's order granting in part and denying in part their motion in limine to preclude certain evidence at trial. At issue in this appeal are those portions of the order denying defendants' request to exclude evidence of Theodore's no-contest plea to a misdemeanor criminal charge arising from the incident and reference to defendants' liability insurance coverage. For the reasons explained below, we reverse in part, vacate in part, affirm in part, and remand the matter to the trial court for further proceedings.

## I. RELEVANT FACTS AND PROCEEDINGS

On June 1, 2017, Theodore Arens was driving westbound on I-96 near its intersection with Stockbridge Road when he rear-ended a car driven by plaintiff, Michael Morley. Pamela Arens, Theodore's wife, co-owned and was riding in the vehicle that Theodore was driving. Marilyn

---

[1] *Michael J. Morley v Theodore Gerard Arens*, unpublished order of the Court of Appeals, entered February 19, 2019 (Docket No. 347379).

LaRock, Michael's wife and his passenger at the time, was killed in the crash, and Michael was injured.

Michael sued defendants in his individual capacity and as personal representative of his wife's estate. In count I of the complaint, he alleged that Theodore was "[d]riving at an excessive and unlawful speed," was "looking at a cellular phone and/or other devices," and "did fail to make an observation of obvious traffic conditions and did fail to stop in the assured clear distance ahead . . . ." In count II, he alleged that Pamela failed to exercise proper care because she was aware of Theodore's "driving habits" and that his "driving record included numerous citations, convictions and suspensions for reckless, careless and negligent driving . . . ."[2]

In their answer, defendants denied that Theodore drove "in a careless, reckless or grossly negligent manner . . . ." They asserted that Theodore "was not negligent for the reason that he faced a sudden emergency not of his own making." They also raised affirmative defenses, including that Michael failed "to activate his warning flashers or take other warning or evasive action," that it was yet to be determined whether he and Marilyn were wearing their seatbelts at the time of the accident, that a road crew was working on the roadway "west of the subject accident without adequate warning to approaching motorists that stop and go traffic could occur," and that Theodore's view was obstructed by a semitruck he was passing when the accident occurred.

Prior to trial, defendants filed a motion in limine. Relevant to the issues on appeal, defendants cited MRE 410(2) in support of their request to exclude "any evidence or testimony relating to the citation issued to, or criminal proceeding involving, Defendant Theodore Arens arising out of the automobile accident." Defendants argued that allowing evidence of Theodore's plea of *nolo contendere*, or no contest, to charges arising out of the automobile accident would be irreparably prejudicial because "the jury could draw an inference of his negligence based on the fact that he did not contest the charges." Citing MRE 411, defendants asked the court to preclude all reference to insurance coverage. They contended that if insurance were mentioned, the jury may be "inclined to award a higher amount based on the terms of the insurance policy and because the insurance company would be paying the verdict."

In opposing the motion, plaintiff argued that the 1991 amendment to MRE 410(2) rendered evidence of Theodore's no-contest plea admissible to the same extent that a guilty plea was admissible. Plaintiff reasoned therefrom that, should Theodore continue to deny liability for the accident, the plea would be admissible as a prior inconsistent statement to impeach him. In addition, plaintiff argued that evidence of Theodore's negligent driving was relevant as to damages. Regarding insurance coverage, plaintiff urged the trial court to hold its decision on this issue in abeyance until it came up at trial, and that such evidence may be admissible on the issue of the credibility of defendants' expert witness.

In reply, defendants contended that the only exception to MRE 410(2)'s prohibition against admitting or using evidence of the no-contest plea "is when the evidence is offered to support a

_____

[2] Plaintiff also filed suit against defendants' insurer, Auto Club Group Insurance Company. However, the trial court later dismissed Auto Club with prejudice by stipulation of the parties.

defense against a claim asserted by the person who entered the plea." In other words, it was admissible only as a defense to a lawsuit in which the person who entered the plea was asserting the claim. Defendants cited as supportive authority the majority opinion in *Home-Owners Ins Co v Bonnville*, unpublished per curiam opinion of the Court of Appeals, issued June 8, 2006 (Docket No. 266794), quoting the following explanation:

> [MRE 410(2)] indicates that where a defendant who entered a no contest plea is later a plaintiff in a related civil action, the defendant may use the plea as evidence in building a defense against that plaintiff's claim. The protection afforded a defendant who chooses not to contest a charge may act as a shield where that defendant is a defendant again in a civil action, but not as a sword if a defendant in a criminal proceeding later becomes plaintiff in a related civil action. [*Bonnville*, unpub op at 2-3.]

Based on the foregoing, defendants asserted that Theodore was entitled to use MRE 410(2) as a shield, as it rendered his no-contest plea inadmissible because he was the defendant, not the plaintiff.

Regarding the admissibility of evidence of insurance coverage, defendants contended that plaintiff was trying to circumvent MRE 411 by arguing that he could elicit evidence of insurance on cross examination of defendants' expert witness to suggest bias. Defendants contended that there were permissible questions plaintiff could use to elicit evidence of bias, but asking specifically whether defendants' liability insurance company was paying the expert was irrelevant and unfairly prejudicial, and the court should exclude it as a matter of public policy.

At the hearing on defendants' motion in limine, the trial court told plaintiff he could not use evidence of Theodore's no-contest plea to rebut Theodore's assertion that he "did nothing wrong," because such assertion is not a "claim." However, the court concluded that if Theodore were to testify that the brakes on his car failed or that there was a "sudden emergency," he would be asserting "claims," and thus, plaintiff could use the no-contest plea as a shield against them. With respect to insurance, the court instructed plaintiff that there would be no general mention of insurance. Plaintiff could not ask defendants' expert witness directly if defendants' insurance carrier was paying him, but he could ask "who" was paying him. The court was unwilling to issue a blanket prohibition against mention of insurance in the event defendants' testimony made insurance relevant.

Subsequently, the trial court issued an order granting in part and denying in part defendants' motion in limine. The order granted defendants' motion to the extent that it ordered the parties and their attorneys not to introduce evidence or testimony, or in any way bring to the jury's attention,

> The wealth, income, liability insurance or assets of the Defendants, and/or their ability to pay any particular verdict or judgment, except by Plaintiff for impeachment purposes in the event that Defendants, their witnesses or attorney first indicate that Defendants payment of a verdict or judgment would create a financial hardship.

The court order denied defendants' request to exclude evidence and testimony of Theodore's no-contest plea pursuant to MRE 410(2), as well as "Defendants' request . . . to preclude Plaintiff's attorney from asking on cross-examination whether Defendants' expert witnesses were compensated for their services by Defendants' liability insurance carrier." This Court granted defendants' application for leave to appeal as well as their motion for a stay pending appeal.

## II. ANALYSIS

Defendants argue that the trial court abused its discretion by denying their motion in limine to exclude evidence of Theodore's no-contest plea and reference to liability insurance. We agree in part and disagree in part.

## A. STANDARD OF REVIEW

This Court reviews a trial court's evidentiary rulings for an abuse of discretion. See *Mitchell v Kalamazoo Anesthesiology, PC*, 321 Mich App 144, 153-154; 908 NW2d 319 (2017). A trial court abuses its discretion when its decision falls outside the range of principled outcomes, *Edry v Adelman*, 486 Mich 634, 639; 786 NW2d 567 (2010), and when its decision arises from an incorrect legal framework, *People v Hine*, 467 Mich 242, 251; 650 NW2d 659 (2002). The interpretation of the Michigan Rules of Evidence is a question of law, which this Court reviews de novo. *People v Dobek*, 274 Mich App 58, 93; 732 NW2d 546 (2007). A trial court necessarily abuses its discretion when it admits evidence that is inadmissible as a matter of law. See *Craig v Oakwood Hosp*, 471 Mich 67, 76; 684 NW2d 296 (2004).

## B. ADMISSIBILITY OF NO-CONTEST PLEA

Defendants argue that the trial court erred by interpreting the word "claim," for purposes of MRE 410(2), to refer to any factual assertions. This interpretation, they assert, eviscerates the general rule that no-contest pleas are inadmissible against the pleader except in certain circumstances and ignores the nature and purpose of a no-contest plea. We agree.

The admissibility of a no-contest plea is governed by MRE 410(2), adopted in 1978 and amended in 1991,[3] which provides in pertinent part:

> Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:

> * * *

> (2) A plea of nolo contendere, except that, to the extent that evidence of a guilty plea would be admissible, evidence of a plea of nolo contendere to a criminal

---

[3] The Michigan Supreme Court adopted the Rules of Evidence on January 5, 1978, to be effective on March 1, 1978. 402 Mich lxxxviii (1978). See MRE 410, note to 1991 amendment; 1 Longhofer, Michigan Court Rules Practice, Evidence (3rd ed), § 410.3, p 666.

-4-

charge may be admitted in a civil proceeding *to support a defense against a claim asserted by the person who entered the plea*[. Emphasis added]

The disagreement between the parties regarding applicability of MRE 410(2) centers on the word "claim." The trial court read the word broadly to encompass not only a cause of action, but also any assertion of right or fact. However, such a broad interpretation of "claim" for purposes of MRE 410(2) is not supported by the context of the word's use or by concerns animating the rule's current form and the Supreme Court's original intent.

We first turn to the plain language of the statute. The rules of statutory interpretation apply to the interpretation of the Michigan Rules of Evidence. *People v Duncan*, 494 Mich 713, 723; 835 NW2d 399 (2013). The goal of interpretation is to give effect to the intent of the drafters, focusing initially on the plain language of the rule. *Id*. "When the language of the rule is unambiguous, [courts] enforce the plain meaning without further judicial construction." *Id.* When construing a [court rule], this Court must consider the object of the [rule] and apply a reasonable construction that best accomplishes the purpose of the [rule]." *Hill v LF Transp, LLC*, 277 Mich App 500, 507; 746 NW2d 118 (2008) (quotation marks and citation omitted).

The construction of the word "claim" adopted by the circuit court in the case at hand is consistent with the first listed definition of "claim" set forth in the version of *Black's Law Dictionary* (6th ed, 1990) in circulation when MRE 410 was amended in 1991:[4] "To demand as one's own or as one's right; to assert; to urge; to insist." But the circuit court's reading ignores the context in which the word "claim" is placed in the evidentiary rule. MRE 410(2) states that "evidence of a plea of nolo contendere to a criminal charge may be admitted in a civil proceeding to support a *defense against a claim asserted by* the person who entered the plea." (Emphasis added.) *Black's Law Dictionary* (6th ed, 1990), defines "defense" as follows: "That which is offered and alleged by the party proceeded against in an action or suit, as a reason in law or fact why the plaintiff should not recover what he seeks. That which is put forward to diminish *plaintiff's cause of action* or defeat recovery. . . ." (Emphasis added.) The second listed definition of claim in the sixth edition of *Black's* is, "A cause of action." Accordingly, MRE 410(2) should be read as follows:

> Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:
>
> \* \* \*
>
> (2) A plea of nolo contendere, except that, to the extent that evidence of a guilty plea would be admissible, evidence of a plea of nolo contendere to a criminal

---

[4] Because the meaning of a word or the primary accepted definition can change over time, courts often look to dictionary definitions in use at the time a statute was enacted. See, e.g., *Sebring v City of Berkley*, 247 Mich App 666, 678-679; 637 NW2d 552 (2001).

> charge may be admitted in a civil proceeding to support [that which is put forward to diminish] a [cause of action] asserted by the person who entered the plea[.]

In other words, if a person who entered a no-contest plea to a criminal charge then files a civil lawsuit, the defendant in the civil suit may use evidence of the now-plaintiff's no-contest plea as a defense. This construction of MRE 410(2) is supported by the history of MRE 410.

The 1991 amendment of MRE 410 reversed one of the holdings in *Lichon v Amer Ins Co*, 435 Mich 408; 459 NW2d 288 (1990), thereby clarifying the Court's original intent regarding the exclusionary rule. See MRE 410, note to 1991 amendment; 1 Longhofer, Michigan Court Rules Practice, Evidence (3rd ed), § 410.3, p 666. *Lichon* involved a plaintiff who sued his fire insurance carrier in order to collect on a fire insurance policy for losses suffered when a fire destroyed his party store. When police charged plaintiff with starting the fire, he entered a no-contest plea to attempted burning of real property, but continued to pursue his civil case against the fire insurance company. At issue in *Lichon* was whether the defendant fire insurance company could use the plaintiff's no-contest plea to defend against his effort to collect on the policy. The trial court determined that it could and granted the defendant's motion for summary disposition under MCR 2.116(C)(10). *Lichon*, 435 Mich at 411-412.

This Court affirmed the trial court's decision on appeal. *Lichon v American Universal Ins Co*, 173 Mich App 178; 433 NW2d 394 (1988), rev'd 435 Mich 408 (1990). However, the Michigan Supreme Court reversed this Court's decision and remanded the matter to the trial court for a trial on the merits. *Lichon*, 435 Mich at 432. The *Lichon* Court held that the plaintiff's no-contest plea to the charge of attempted burning of real property "is not an admission of guilt that could be used against him in subsequent civil or criminal litigation." *Id*. at 415. The primary purpose of the no-contest plea, the Court explained, is "to avoid potential future repercussions which would be caused by the admission of liability, particularly the repercussions in potential future civil litigation." *Lichon*, 435 Mich at 417. Recognition of the plea "facilitate[s] plea bargaining and the concomitant speedy resolution of criminal cases." *Lichon*, 435 Mich at 420. Thus, "neither a plea of nolo contendere nor a conviction based thereon prevents the person who entered that plea from maintaining innocence in subsequent civil litigation regardless of whether the person who entered the plea is the plaintiff or the defendant in the subsequent litigation." *Id*. at 431. The *Lichon* Court read MRE 410 to mean that "a plea of nolo contender may not be introduced against the party who entered that plea, *irrespective of whether that party is a plaintiff or a defendant in subsequent litigation.*" *Id*. at 423 (emphasis added).

In a vigorous dissent, Justice Griffin argued in relevant part that neither the language of MRE 410 nor the intent of the Michigan Supreme Court in adopting MRE 410 supported the majority's conclusion that a person's no-contest plea in a criminal matter was inadmissible when that person then filed a civil action based on the same transaction. The rule prohibited admission of a no-contest plea "in any civil or criminal *proceeding against* the person who made the plea offer." (*Lichon*, 435 Mich at 434) (GRIFFIN, J., dissenting; emphasis added by Justice Griffin). "Obviously," wrote the Justice, "where a civil suit is instituted *by* a person who has pleaded nolo contendere, it is not a proceeding *against* the pleader." *Id*. at 436.

Addressing the intent of the Court and the policies it deemed important when adopting the rule, Justice Griffin stated that the defendant's no-contest plea was relevant to the truth-finding mission of the law and acknowledged the policy objectives of plea bargaining. *Id*. at 438-440. Nevertheless, he contended that "the promotion of plea bargaining is not a public interest so overriding and paramount" as to compel a construction of MRE 410 that "actually aids the criminal defendant if he seeks to profit from his crime." *Id*. at 440.

> The line which should be drawn in this case is not new to the law. Historically, evidence of a criminal conviction, plea-based or otherwise, was inadmissible in a subsequent civil suit. However, a distinction was made between civil proceedings brought *against* the criminal defendant and those brought *by him* to take advantage of his criminal act. In the latter situation, courts have almost universally admitted evidence of the conviction in the civil suit.

> * * *

> In light of that distinction drawn at common law, it is reasonable to believe that this Court intended to draw a similar line when, in 1973, it adopted MRE 410 and used the words which plainly limit the evidentiary protection given a nolo contendere pleader to "any civil or criminal proceeding against the person who made the plea . . . ." [*Id*. at 440-441 (footnotes omitted; emphasis in the original).]

Justice Griffin concluded that the protection MRE 410 afforded a person who pleaded no contest in a criminal case did not extend to allowing that person to then use the protection of the exclusionary rule to profit from his or her crime as a plaintiff in a civil case. See *id*.

The 1991 amendment to MRE 410 altered the blanket rule set forth in *Lichon* that evidence of a no-contest plea could not be admitted against the person who entered it, "irrespective of whether that party is a plaintiff or a defendant in subsequent litigation." *Lichon*, 435 Mich at 423. In doing so, the amendment did not change the nature, purpose, and fundamental protection of a no-contest plea; a no-contest plea is not an admission of guilt that can be used by a plaintiff in a related civil case against the person who entered the plea, and it does not prevent the person who entered the plea from asserting innocence as a defendant in a related civil case. But the 1991 amendment provides an exception to the exclusionary rule when the person who entered the plea later becomes a plaintiff in a related civil case. When this happens, as it did in *Lichon*, the civil defendant can use evidence of the no-contest plea to build a defense against the defendant-turned-plaintiff's claim. This operation of the rule is consistent with this Court's post-1991 interpretation of the rule. See *Akyan v Auto Club Ins Ass'n (On Rehearing)*, 208 Mich App 271, 274; 527 NW2d 63 (1994) (stating, "MRE 410, as amended, permits the admission of evidence of a claimant's plea of no contest to a criminal charge in a later civil suit *by the claimant* . . . .") (Emphasis added).

Plaintiff cites *Shuler v Mich Physicians Mut*, 260 Mich App 492; 679 NW2d 106 (2004), for the proposition that "a defendant in a civil action may be impeached by [a] conviction" based on a no-contest plea. What plaintiff fails to acknowledge, however, is that the conviction in *Shuler* arose from a no-contest plea to attempted perjury, that the party seeking to admit the evidence of

the perjury conviction did so under MRE 609(a)(1),[5] not MRE 410(2), and that this Court expressly indicated that while the conviction was available for impeachment use, the fact that the person pleaded no contest was not. See *id*. at 513. Thus, plaintiff's reliance on *Shuler* is misplaced.[6]

Finally, plaintiff contends that MRE 410(2) makes the evidentiary use of a no-contest plea "dependent on whether the nolo pleader takes a contrary position in civil proceedings. If a litigant accepts criminal responsibility, then disclaims civil responsibility, the change in position is fair game for cross-examination, just like any other prior inconsistent statement." However, as the *Lichon* Court explained, a no-contest plea is not an admission of guilt and does not prevent the pleader from maintaining his innocence as a defendant in a subsequent civil case. See *Lichon*, 435 Mich at 417, 431. Therefore, the person who admitted nothing by pleading no contest in a criminal case does not "change . . .position" by disclaiming civil responsibility in a subsequent related civil case. Moreover, even if a no-contest plea may be construed as "an implicit admission of guilt, it is such an admission only for the purposes of the criminal proceeding in which the plea is entered." *Lichon*, 435 Mich at 417. For all these reasons, evidence of a no-contest plea is not a "prior inconsistent statement" that the plaintiff in a civil case can use to impeach the person who entered the plea.

In light of the foregoing, we conclude that the trial court erred in construing the word "claim" in the phrase "to support a defense against a claim asserted by the person who entered the plea" for purposes of MRE 410(2), and as such, it abused its discretion by denying defendants' motion in limine to exclude evidence of Theodore Arens' no-contest plea.

---

[5] MRE 609(a) generally bars admission of evidence that a witness has been convicted of a crime, unless such evidence was "elicited from the witness or established by public record during cross-examination, and the crime contained an element of dishonesty or false statement . . . ." MRE 609(a)(1).

[6] Plaintiff also cites *Pioneer State Mut Ins Co v Song*, unpublished opinion per curiam of the Court of Appeals, issued June 4, 1996 (Docket Nos. 172882 and 174542) for the proposition that evidence of a no-contest plea may be admitted against a defendant. In the consolidated case, *Pioneer v Lee*, the defendant pleaded no contest to aggravated assault. *Id*. at 2. The defendant claimed that the introduction of his plea in the civil proceeding was improper. *Id*. This Court addressed the argument as follows:

> Lee provides no support for this purely speculative argument. Moreover, given our conclusion on the first issue [affirming the trial court's grant of summary disposition], this issue is not relevant. In any event, MRE 410(2) provides that a plea of nolo contendere "may be admitted in a civil proceeding to support a defense against a claim asserted by the person who entered the plea." [*Id*. at 3.]

This Court's dictum in a non-binding case, which is not supported by any accompanying analysis, is not persuasive.

## C.  ADMISSIBILITY OF EVIDENCE OF LIABILITY INSURANCE

Defendants next contend that the trial court erred by denying their motion to exclude evidence of insurance coverage pursuant to MRE 411, and specifically, that the court erred in concluding that plaintiff could admit evidence of insurance under the guise of showing bias on the part of defendant's expert witness.  We agree in part.

MRE 411 governs the admissibility of evidence of liability insurance as follows:

Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, if controverted, or bias or prejudice of a witness.

"The most important, and most frequently used, permissible purpose for introduction of insurance evidence is to show bias, e.g., of a witness who is employed by the defendant's insurance carrier."  I Longhofer, § 411.2, p 675.  It has been long settled that an expert witness may be questioned regarding whether and how much the expert is compensated, see *Alford v Vincent*, 53 Mich 555; 19 NW 182 (1884), how much the expert receives for services in other cases, and about whether the expert has demonstrated a pattern of testifying for particular attorneys or on a particular side, see *Wilson v Stilwill*, 411 Mich 587; 309 NW2d 898 (1981).  Furthermore, the introduction of insurance evidence is not necessarily reversible error where the party challenging such admission has arguably injected the issue into trial.  See *Cogo v Moore*, 119 Mich App 747; 327 NW2d 345 (1982) (plaintiff's counsel's referring to insurance in closing argument to rebut the defendant's implication to the jury that he was financially unable to pay a judgment was not reversible error); *Cacavas v Bennett*, 37 Mich App 599; 194 NW2d 924 (1972) (holding that the defendant's reference to the plaintiff's insurance was not reversible error where the plaintiff had testified that he lost his insurance when he lost his job, shortly before the car accident at issue).

As noted earlier, the trial court indicated that it was not going to issue a blanket order prohibiting any mention of insurance, but it also was not going to allow a general discussion of insurance.  The court presumed that plaintiff's attorney was aware of the type of questions permitted to impeach defendants' expert witness.  The court stated that plaintiff's counsel could ask defendants' expert witness on cross-examination whether the witness was being paid and by whom, but counsel could not "ask them, did the insurance company pay you."  The court also deemed questions about insurance permissible for impeachment purposes should the defendants testify that this case was going to ruin them financially.  The court indicated that it would handle any other related issues as they arose.  Accordingly, the court ordered in part:

[T]he parties shall not introduce evidence or testimony regarding, and that their attorneys shall not mention or otherwise bring to the attention of the jury, the following matters:

1. The wealth, income, liability insurance or assets of the Defendants and/or their ability to pay any particular verdict or judgment, except by Plaintiff for impeachment purposes in the event that Defendants, their witnesses or attorney first

-9-

indicate that Defendants [sic] payment of a verdict or judgment would create a financial hardship . . . .

However, as a final provision, the court denied the motion "with regard to Defendants' request. . . to preclude Plaintiff's attorney from asking on cross examination whether Defendants' expert witnesses were compensated for their services by Defendants' liability insurance carrier." This provision seems to allow what the court made clear to plaintiff's attorney he could not do. Although the court told plaintiff's attorney he could not directly cross-examine defendants' expert witness on whether defendants' liability insurance carrier was paying him, the final provision seems to allow precisely that. While questions directed toward the fact that the defense is paying an expert's fees are entirely appropriate, questioning a witness outright if he or she is being paid by defendants' insurance carrier would unnecessarily inject the issue of insurance into the case if the expert is not, in fact, being paid by the defendants' insurance carrier. For example, the expert could receive payment from defendants or defense counsel's law firm. Further, as aptly noted in Longhofer, courts are free to restrict the impeachment to a reference to the witness's employment "by the defense," without allowing mention of insurance. Evidence, Vol. I, § 411.2, p 675.

"A court speaks through its written orders and judgments, not through its oral pronouncements." *Simcor Constr, Inc v Trupp*, 322 Mich App 508, 522; 912 NW2d 216 (2018). Here, the court's order, as written, ostensibly allows plaintiff's attorney to do what the court said he could not do, and what MRE 411 prohibits: ask outright if the liability insurance carrier is footing the bill for defendant's expert, rather than asking open-endedly who is paying defendants' expert. Thus, we vacate that portion of the trial court's order denying defendants' request "to preclude Plaintiff's attorney from asking on cross-examination whether Defendants' expert witnesses were compensated for their services by Defendants' liability insurance carrier," but affirm the remainder of the trial court's order setting forth the parameters of permissible reference to liability insurance. The trial court is free to make evidentiary rulings during trial that are consistent with MRE 411 and not unduly prejudicial.

We reverse in part, vacate in part, affirm in part, lift the stay previously imposed, and remand to the trial court for further proceedings. We do not retain jurisdiction.

/s/ Karen M. Fort Hood
/s/ Jane M. Beckering
/s/ Mark T. Boonstra

-10-