*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RONALD BYZEWSKI,

        Plaintiff-Appellant,

v

SHELBY WOODS NORTH CONDOMINIUMS
ASSOCIATION, KIRKPATRICK MANAGEMENT
COMPANY, and KIRKPATRICK MANAGEMENT
COMPANY OF MICHIGAN,

        Defendants-Appellees,

and

THOMS BROS LANDSCAPING, INC. and U.S.
LAWNS OF MACOMB COUNTY,

        Defendants.

UNPUBLISHED
August 12, 2025
9:41 AM

No. 371155
Macomb Circuit Court
LC No. 2022-004074-NO

Before: REDFORD, P.J., and RIORDAN and BAZZI, JJ.

PER CURIAM.

In this slip-and-fall case, plaintiff Ronald Byzewski appeals as of right the trial court's May 14, 2024 final order dismissing defendant U.S. Lawns of Macomb County by stipulation of the parties, which resolved all pending claims in the case. On appeal, plaintiff challenges the trial court's September 7, 2023 written opinion and order granting summary disposition in favor of defendants Shelby Woods North Condominiums Association, Kirkpatrick Management Company, and Kirkpatrick Management Company of Michigan pursuant to MCR 2.116(C)(10). According to plaintiff, the trial court erred by concluding that his premises-liability claim necessarily failed because he was a condominium co-owner of the common area on which he was injured, and by concluding that his ordinary-negligence claim failed because the allegations of his complaint concerned a condition of the land.

In light of intervening developments in the law, we agree with plaintiff that the trial court possibly erred by concluding that his premises-liability claim necessarily failed because he was a condominium

-1-

co-owner. However, we agree with the trial court that his ordinary-negligence claim fails as a matter of law because the allegations in his complaint sound exclusively in premises liability. Therefore, we affirm in part, vacate in part, and remand to the trial court for further proceedings.

## I. FACTS

At the time relevant to this case, plaintiff owned a condominium unit within the condominium complex of defendant Shelby Woods North Condominiums Association. On January 22, 2020, at about 4:00 p.m., plaintiff slipped and fell on the sidewalk near his unit when he briefly exited the unit to retrieve mail. As a result, he suffered injuries to his knee. Plaintiff explained during his deposition that it was snowing earlier that day, but the snow stopped about one to four hours earlier. Plaintiff further explained that the sidewalk "appeared shoveled," but the sidewalk "had ice on [it]." Plaintiff added that he could not see the ice on the sidewalk and that the sidewalk was not salted, although the "driveway area" was salted. Plaintiff acknowledged that "the maintenance company" had plowed and salted at least some of the condominium complex that morning.

Plaintiff initially had trouble identifying the potentially responsible maintenance company. Ultimately, in April 2023, plaintiff filed his second amended complaint against defendants Shelby Woods North Condominiums Association, Kirkpatrick Management Company, Kirkpatrick Management Company of Michigan, Thoms Bros Landscaping, Inc., and U.S. Lawns of Macomb County. In the complaint, he raised a variety of statutory and common-law claims, including premises liability and ordinary negligence. In essence, plaintiff alleged that defendants were liable to him for damages because they failed to "remove black ice in the walkway/common area," and because they separately committed "active negligence" by "negligently perform[ing] their respective obligations-duties."

In May 2023, defendants Shelby Woods North Condominiums Association, Kirkpatrick Management Company, and Kirkpatrick Management Company of Michigan moved for summary disposition under MCR 2.116(C)(10).[1] In the accompanying brief, defendants argued that the premises-liability claim was meritless because, under *Francescutti v Fox Chase Condo Ass'n*, 312 Mich App 640; 886 NW2d 891 (2015), plaintiff was a co-owner of the land on which he was injured and thus was not on "the land of another" for the purposes of premises liability. Defendants added that the premises-liability claim alternatively failed because the icy conditions were "open and obvious" under cases such as *Lugo v Ameritech Corp*, 464 Mich 512; 629 NW2d 384 (2001). Further, with regard to the ordinary-negligence claim, defendants argued that the allegations of plaintiff's complaint sounded exclusively in premises liability because they concerned a "condition of the land." Finally, defendants briefly argued that the statutory claims of plaintiff's complaint were meritless as well.

In June 2023, plaintiff filed his response to the motion for summary disposition, arguing that *Francescutti* was likely to be overruled by our Supreme Court in the coming months, so the trial court should decline to apply it; that the icy conditions were not "open and obvious" because the ice was not

---

[1] In June 2023, the parties stipulated to dismissing defendant Thoms Bros Landscaping, Inc., and, as noted, in May 2024, the parties stipulated to dismissing defendant U.S. Lawns of Macomb County. Thus, the remaining three defendants collectively will hereinafter be referred to as "defendants."

visible; and that he was entitled to pursue his ordinary-negligence claim because defendants affirmatively failed to salt the sidewalks. Plaintiff argued in favor of his statutory claims as well.

At the motion hearing, the parties argued consistent with their respective briefs. The trial court took the motion under advisement and issued its written opinion and order a couple of months later. In its opinion and order, the trial court concluded that the premises-liability claim was meritless under *Francescutti*, stating that "the Court must apply the law as it stands, and *Francescutti* clearly applies in this matter. Accordingly, Defendants did not owe Plaintiff a duty of care under a theory of premises liability." (Footnote omitted.) The trial court concluded that the ordinary-negligence claim was meritless as well because "the ice was a condition on the land" regardless of the fact that defendants allegedly failed "to remove the ice." Finally, the trial court rejected the statutory claims. Thus, the trial court granted summary disposition in favor of defendants.

This appeal followed.

## II. STANDARD OF REVIEW

"We review de novo motions for summary disposition brought under MCR 2.116(C)(10)." *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil v Oakwood Healthcare, Inc*, 510 Mich 152, 160; 934 NW2d 665 (2019). "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

## III. DISCUSSION

On appeal, plaintiff raises two issues. First, plaintiff argues that the trial court erred by dismissing his premises-liability claim under *Francescutti* because our Supreme Court overruled that case in *Janini v London Townhouses Condo Ass'n*, 514 Mich 86; ___ NW3d ___ (2024), which was decided about 10 months after the trial court's written opinion and order at issue here. Second, plaintiff argues that the trial court erred by dismissing his ordinary-negligence claim because defendants affirmatively failed to "clear and salt the sidewalks or otherwise remove the ice." Defendants respond that the dismissal of the premises-liability claim should be affirmed on an alternate basis—namely, that there is no genuine issue of material fact regarding breach of duty, as the icy sidewalk was "open and obvious." Further, concerning the ordinary-negligence claim, defendants agree with the reasoning and result of the trial court.

## A. PREMISES LIABILITY

Plaintiff first argues that the trial court erred by applying *Francescutti* to his premises-liability claim. While we do not believe the trial court erred in applying *Francescutti* to the case at the time it made its decision, in light of *Janini*, and *Francescutti* being overruled, we conclude further proceedings are warranted.

"In a premises liability [claim], a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). "In a premises liability claim, liability emanates merely from the

defendant's duty as an owner, possessor, or occupier of land." *Laier v Kitchen*, 266 Mich App 482, 493; 702 NW2d 199 (2005). A premises-liability claim is based upon an injury suffered from "a condition of the land." *James v Alberts*, 464 Mich 12, 19; 626 NW2d 158 (2001). As noted, in 2015, this Court held in *Francescutti* that a condominium co-owner generally cannot maintain a premises-liability claim for injuries suffered on "common areas of the development" because "condominium owners are co-owners as tenants in common of the common areas of the development." *Francescutti*, 312 Mich App at 643. Thus, this Court explained, a condominium co-owner "is neither a licensee nor an invitee." *Id*.

However, in *Janini*, our Supreme Court overruled *Francescutti* and held that a condominium co-owner "is an invitee and can maintain a premises-liability action against the condominium association." *Janini*, 514 Mich at 102. The Court reasoned that "the landlord-tenant relationship mirrors the relationship between a condominium association and a condominium co-owner," and "condominium co-owners cede control over [the] common elements to the condominium association . . . ." *Id*. at 99, 101.[2]

The defendants do not dispute that *Francescutti* is no longer valid law, and the trial court cannot necessarily be affirmed on this basis. Consequently, we vacate that part of the trial court's opinion and order. Instead, however, defendants now argue that the trial court's dismissal of the premises-liability claim should be affirmed on the alternate basis that there is no genuine issue of material fact regarding breach of duty, as the icy sidewalk was "open and obvious." Defendants acknowledge that in *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95; 1 NW3d 44 (2023), our Supreme Court overruled earlier cases holding that "the open and obvious danger doctrine [is] a part of a land possessor's duty." *Id*. at 104. Instead, the Court adopted a "new framework" providing that "the open and obvious nature of a condition is relevant to breach and the parties' comparative fault." *Id*. Defendants urge this Court to apply that new framework and affirm the trial court.[3]

---

[2] The Court briefly noted that its holding applies to instances in which "the master deed and bylaws governing a condominium complex provide that the condominium association is responsible for maintaining the common areas and the condominium's co-owners lack possession and control over those common areas . . . ." *Id*. at 90. In this case, the parties do not dispute that these circumstances are true here.

[3] Defendants cite to *Cunningham v Inland Pip Rehabilitation Holding Co, LLC*, unpublished per curiam opinion of the Court of Appeals, issued October 19, 2023 (Docket No. 363159). In that case, the plaintiff rode her bicycle over a high-pressure hose and fell, suffering injuries. *Id*. at 1. The trial court dismissed the case under the old "open and obvious" framework and, following the *Kandil-Elsayed* decision, this Court affirmed on the alternate basis that the defendant did not breach its duty to the plaintiff. *Id*. at 3-6. This Court reasoned that the plaintiff "specifically pulled her bike over and stopped in the grassy median for 15 to 20 minutes for the sole purpose of observing cars traverse the hose and deciding to cross it with her electric bike," and for weeks beforehand, "cars, bicycles, and scooters [had traversed] the ramp over the hose without incident." *Id*. at 6. Thus, this Court concluded, under the new framework, the defendant "did not breach the duty owed to [the plaintiff] to protect her from unreasonable harm where the hose was open and obvious." *Id*.

We decline to do so at this time for two reasons. First, as plaintiff observes, *Kandil-Elsayed* was decided by our Supreme Court in late July 2023, after defendants filed their motion for summary disposition, plaintiff filed his response, and defendants filed their reply to that response. Thus, the parties did not brief the *Kandil-Elsayed* new framework in the trial court. Nor, presumably, did the parties seek to develop a factual record in the trial court with that new framework in mind. As a result, we believe that it would be premature to affirm the trial court on the basis of the *Kandil-Elsayed* new framework, given the record before us.

Second, and relatedly, it is debatable whether defendants' argument is properly presented for our review. Although a cross-appeal need not be taken by a prevailing party to urge an alternate ground for affirmance, *Akyan v Auto Club Ins Ass'n*, 207 Mich App 92, 97; 523 NW2d 838 (1994), the general rule is that this Court may only decide issues that were raised before or decided by the trial court, *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). In this case, while defendants did raise the issue of the open-and-obvious doctrine in the trial court, they only did so in the context of the duty element of a negligence action, not in the context of the breach element. Moreover, the trial court did not decide this case on the basis of the open-and-obvious doctrine. Rather, the trial court dismissed the premises-liability claim solely on the basis of *Francescutti*. Under these circumstances, therefore, we decline to address whether plaintiff failed to establish a genuine issue of material fact regarding breach of duty, and instead remand this case to the trial court for defendants to pursue that argument if so inclined.[4]

## B. ORDINARY NEGLIGENCE

Next, plaintiff argues that the trial court erred by dismissing his ordinary-negligence claim because his theory "was based, at least in part, on the conduct of Defendants and their snow removal contractor US Lawns in failing to adequately clear and salt the sidewalks or otherwise remove the ice that caused Plaintiff to slip and fall." We disagree.

"Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Jahnke v Allen*, 308 Mich App 472, 474; 865 NW2d 49 (2014) (quotation marks and citation omitted). "It is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Id*. at 475 (cleaned up). An ordinary-negligence claim concerns "the overt acts of a premises owner on his or her premises," while a premises-liability claim concerns "a condition of the land." *Kachudas v Invaders Self Auto Wash, Inc*, 486 Mich 913, 914 (2010). That is, "[w]hen an injury develops from a condition of the land, rather than emanating from an activity or conduct that created the condition on the property, the action sounds in premises liability." *Woodman v Kera, LLC*, 280 Mich App 125, 153; 760 NW2d 641 (2008) (opinion by TALBOT, J.).

---

While we acknowledge the persuasive value of *Cunningham*, see *Cox v Hartman*, 322 Mich App 292, 307-308; 911 NW2d 219 (2017), the condition of the land at issue in this case, on the record before us, is not so strikingly apparent as the condition in *Cunningham* so as to warrant an outright affirmance.

[4] While not raised or briefed by the parties on appeal, we note that *Francescutti* still controls the analysis in this case if *Janini* applies prospectively only, and *Janini* controls the analysis in this case if it applies retroactively. On remand, the trial court should consider and decide whether *Janini* applies retroactively.

In this case, plaintiff alleged in his second amended complaint that defendants were negligent because they "permitt[ed] hazardous condition to remain on the premises," "permitt[ed] a dangerous condition to exist on said premises," "fail[ed] to inspect the premises," "fail[ed] to keep the area where invitees/tenants would walk in a condition fit for its intended and foreseeable use," and "fail[ed] to inspect and maintain the physical structures." These failures and omissions, according to plaintiff, culminated in his slip-and-fall accident on the icy sidewalk.

We agree with the trial court that these allegations sound exclusively in premises liability. The essence of plaintiff's complaint is that defendants failed to safely maintain the sidewalks of the condominium complex in light of the recent snowfall. The allegedly icy state of the sidewalks was a condition of the land. Further, defendants themselves were not responsible for causing the icy sidewalks. Rather, the icy sidewalks were naturally caused by the snowfall that winter day. Plaintiff cites no authority, and we are unaware of any such authority, to suggest that the failure to salt or otherwise eliminate wintry conditions from sidewalks, driveways, parking lots, and so forth, may constitute the basis of an ordinary-negligence claim. Indeed, *Janini* itself involved an "icy sidewalk," *Janini*, 514 Mich at 91, and *Kandil-Elsayed* involved a snow-covered path approaching a gas station, *Kandil-Elsayed*, 512 Mich at 104. As both of those cases were treated as premises-liability cases, the instant case should be treated as a premises-liability case as well.

## IV. CONCLUSION

We affirm the trial court's dismissal of plaintiff's ordinary-negligence claim because his complaint, to the extent that it raises common-law claims, sounds exclusively in premises liability. However, because our Supreme Court recently overruled *Francescutti* with its recent *Janini* decision, we vacate the trial court's dismissal of plaintiff's premises-liability claim and remand to that court for further proceedings including, but not limited to, deciding the retroactivity of *Janini*.

Affirmed in part, vacated in part, and remanded to the trial court for further proceedings consistent with our opinion. We do not retain jurisdiction.

/s/ James Robert Redford
/s/ Michael J. Riordan
/s/ Mariam S. Bazzi

-6-